DANIEL G. PATTERSON, plaintiff in error, *vs.* JOHN H. WALLACE, defendant in error.

Where an execution, issued on a judgment obtained upon a contract made before June, 1865, is levied on land, and defendant makes an affidavit of illegality on the ground that no tax affidavit is attached to the *fi. fa.*, which is met by a counter-affidavit that the purchase of the land levied on by defendant from plaintiff was the foundation of the debt, and that defendant is still in possession of the land, an amendment of the defendant's affidavit, stating that the land has been set aside to him as a homestead, and that the plaintiff appeared before the Ordinary and objected to the granting of the homestead on the same ground now presented as an excuse for not filing the tax affidavit, which objec-

tion was overruled, and that the question is, therefore, *res adjudicata* between them, raises an issue as to whether the question was adjudicated or not, which should have been regularly tried.

*Res adjudicata.* Tax affidavit. Homestead. Relief Law of 1868. Before Judge CLARK. Sumter Superior Court. October Term, 1871.

Daniel G. Patterson filed the following affidavit of illegality to an execution proceeding in favor of John H. Wallace:

" That a certain *fi. fa.* issued from the Superior Court of said county in favor of John H. Wallace and against deponent, and levied upon the east half of lot of land number ninety-three, in the twenty-sixth district of Sumter county, as the property of deponent, is proceeding against him illegally in this, to-wit:

" Because the judgment upon which said *fi. fa.* issued was founded upon a note given in renewal of a note which was made and given before the 1st day of June, 1865, and that when said note was given in renewal of the old note, given prior to June, 1865, the debt was not reduced, nor the equities agreed on by said Wallace and deponent, under the Relief Act of 1868, because said note given in renewal was given before the passage of any relief law and soon after the close of the war, and at a time when deponent was ignorant that there would be any relief laws.

" Because on the trial of said cause, the relief plea allowed under the Act of 1868 and filed in said case was disallowed, and he refused all benefit and advantage of said Relief Act of 1868.

" Because when said note was given in renewal of the old note, there was no reduction made, but the interest on the amount due was calculated to date of the giving of said new note.

" Because the plaintiff and owner of said *fi. fa.* has not attached his affidavit thereto, that all legal taxes chargeable by law on said debt have been duly paid by him from the time of the making and implying said contract to date.

Patterson *vs.* Wallace.

" Because the property levied upon is embraced and contained in a judgment of the Court of Ordinary of said county, setting apart a homestead for the benefit of deponent's family, and therefore is not subject to levy and sale, and that the judgment upon which said *fi. fa.* issued was obtained since the setting apart of said property as a homestead.

" Because this deponent claims the right to have said debt reduced and scaled under the Relief Act of 1868.

" The plaintiff in *fi. fa.* filed a counter-affidavit to the effect that the note, which was the consideration upon which said execution was based, was given for the land levied on, and that defendant was in possession of said property ; also, that all legal taxes had been paid."

The defendant in *fi. fa.* amended his affidavit of illegality as follows :

" And for amendment to his illegality defendant says, that at the time the above homestead was granted, the plaintiff contested the same upon the ground that the note here sued on was given for the land levied on, and upon the hearing of the same the Court of Ordinary allowed the homestead, which judgment is final and conclusive upon the plaintiff, and of this he prays the judgment of the Court."

Plaintiff in *fi. fa.* demurred to the affidavit of illegality, the demurrer was sustained and plaintiff in error excepted.

W. A. HAWKINS, represented by R. F. LYON, for plaintiff in error.

N. A. SMITH ; M. R. STANSELL, for defendant.

MONTGOMERY, Judge.

A creditor is not obliged to go before the Ordinary and contest the right of a debtor to a homestead on any other grounds than those stated in the sixth section of the Act of 1868, and as that section is amended by the fifth section of the Act of 1870. But if he voluntarily appear and submit issues to the Ordinary, which but for such submission that of-

ficer would have no power to pass upon on an application for homestead, and of which the Ordinary takes jurisdiction, such creditor will be bound by the judgment.

Whether the plaintiff in *fi. fa.* did go before the Ordinary and submit the issue to him which is set forth in the amendment to the defendant's affidavit, and what the Ordinary decided, requires investigation to determine, and the affidavit should not have been dismissed on demurrer. If the Ordinary granted the homestead on demurrer, as it were, to the proof showing that the plaintiff's debt was created for the purchase money, thus declining to take jurisdiction of that issue, then the principle laid down in *Chambliss vs. Phelps,* 39 *Georgia,* 386, would seem to warrant the plaintiff in proceeding with his execution so far as the homestead may present an obstacle; but if the Ordinary decided that the debt was not created for the land, it would be *res adjudicata.* The better practice for creditors, whose claims come within any of the exceptions contained in the Constitution would be not to contest the homestead, but to endeavor to subject it to their claims notwithstanding the judgment setting it apart, as is now provided for by the Act of December 14th, 1871.

Judgment reversed.