Cumming *vs.* Clegg.

---

THOMAS S. CUMMING, plaintiff in error, *vs.* VIRGIL A. CLEGG, defendant in error.

| 52 | 605 |
| 109 | 578 |

[TRIPPE, Judge, was providentially prevented from presiding in this case.]

That the defendant has been adjudged a bankrupt, and the property covered by the mortgage regularly set apart to him as his exemption, is not a good plea in bar to the foreclosure of said mortgage, where it is not alleged that the mortgagee proved his lien in the bankrupt court, or that the assignee has interfered in any manner with the mortgage, under the provisions of the 20th section of the bankrupt act.

Bankrupt. Mortgage. Before Judge HARRIS. Dooly Superior Court. March Term, 1874.

For the facts of this case, see the decision.

C. T. GOODE, by brief, for plaintiff in error.

W. A. HAWKINS; COOK & CRISP, for defendant.

WARNER, Chief Justice.

This case came before the court below on the petition of Clegg, the plaintiff, to foreclose a mortgage made by Cumming, the defendant, on certain real estate described therein. The defendant filed the following plea in bar of the plaintiff's right to foreclose his mortgage in the state court:

"And now, at this term of the court, comes the defendant, Thomas S. Cumming, and for plea and defense why said rule *nisi* should not be made absolute, says that since the last adjournment of this court, to-wit: on the ...... day of November, 1873, this defendant filed his voluntary petition in bankruptcy in the district court of the United States for the southern district of Georgia, and was afterwards, to-wit: on the ...... day of November, 1873, by said court and its proper officers, duly declared and adjudged a bankrupt; that in his schedule of creditors, the plaintiff in the above entitled cause was named and set forth, together with the nature, character and amount of his debt, to-wit: the mortgage which he is now endeavoring to foreclose; that said plaintiff was duly served and notified by William H. Smyth, the United States marshal of said district court of the United States; that the lands covered by said mortgage were duly and regularly set apart to this defendant by J. R. McCleskey, Esq., his assignee in bankruptcy, as his exemption under the laws of the United States, which return of said assignee was not excepted to by said plaintiff, or any other creditor, within twenty days after the same was duly and regularly returned and filed as required by law, nor at any other time, but the said exemption was approved by the court of bankruptcy, and adjudged to be the exemption of this defendant.

"And defendant sets up· the above facts as his defense, and says that this court has no jurisdiction, right or authority, in any way or manner whatever, to grant said rule absolute as prayed for."

On the hearing of the case, the plaintiff demurred to the defendant's plea, which demurrer the court sustained, and the

defendant excepted. It appears from the bill of exceptions that certain other facts were agreed to which were to be made a part of the record, but what those other facts were, the record does not disclose, and therefore this court must decide the case as presented here by the plaintiff in error. Was the court right in sustaining the demurrer to the defendant's plea? There is no averment in the plea that the plaintiff proved his mortgage debt in the bankrupt court, or that the assignee in bankruptcy interfered in any manner whatever with the plaintiff's mortgage lien, as provided by the 20th section of the bankrupt act. The plaintiff having a mortgage lien on the defendant's property, it was optional with him whether he would prove his debt in the bankrupt court, or stand upon his mortgage lien for its payment. According to the ruling of this court in *Jones vs. Lellyett & Smith,* 39 *Georgia Reports,* 64, there was no error in sustaining the demurrer to the defendant's plea.

Let the judgment of the court below be affirmed.