FRANCIS A. FROST, plaintiff in error, *vs.* JOHN A. BORDERS, defendant in error.

1. Homestead and exemption rights are anomalous and peculiar. Where they are involved, substance is to be regarded at the expense of form and of all obstacles arising out of mere theory. The husband and father's failure to urge the claims of his family in resistance to the foreclosure of a mortgage upon exempt property, will not hinder him from arresting a sale under the mortgage *fi. fa.* by affidavit of illegality, though the land in question was mortgaged before it was set apart as exempt, and though it was so set apart before the judgment of foreclosure was rendered. It being apparent that the property could be protected by claim, any doubt as to the remedy by illegality, where that remedy is pursued, should go to uphold the pro-

ceeding, and not to defeat it. The end being the same, the means may be spared the ordeal of nice criticism.

2. Under section 2047 of the Code, the wife alone, with the consent of the ordinary, cannot alienate. Her deed, approved by the ordinary, conveying to a third person, cannot be used by the plaintiff in the mortgage *fi. fa.* to overcome the husband's affidavit of illegality founded on the exemption right.

Homestead.   Mortgage.   Claim.   Illegality.   Deeds. Evidence.   Before Judge Buchanan.   Troup Superior Court. May Term, 1877.

In May, 1866, Borders executed to Frost a mortgage on certain land situate in Troup county.   In February, 1868, this property was set apart to Borders and family as exempt, under section 2040 *et seq.*, of Code.   Subsequent to this the mortgage was foreclosed, to which proceeding Borders made no defense.   When the execution based on the foreclosure was levied upon the land, he set up his exemption right by affidavit of illegality, the jury found in his favor, and judgment was entered accordingly.

The plaintiff moved for a new trial upon the following grounds :

1. Because the court refused to dismiss the affidavit of illegality as being an inappropriate remedy.

2. Because the court refused to admit in evidence a deed executed by the wife of defendant, on the 13th of December, 1870, under the approval of the ordinary of the county, purporting to convey the property levied on to one R. J. Wood.

3. Because the court erred in charging the jury, that if they believed, from the evidence, that the property levied on had been set apart to defendant, under the homestead laws in force before the adoption of the constitution of 1868, then it was not subject to the execution.

4. Because the court refused to charge that the failure of defendant to set up his homestead right in response to the rule *nisi* which issued on the petition to foreclose, precluded

him from now availing himself of it by affidavit of illegality.

The motion was overruled, and plaintiff excepted.

FERRELL & LONGLEY, for plaintiff in error.

THOMAS H. WHITAKER, for defendant.

BLECKLEY, Judge.

Land was mortgaged in 1866. The mortgage was foreclosed in 1873. Execution issued, and was levied upon the premises. The levy was arrested and sale prevented by an affidavit of illegality interposed by the mortgagor. The affidavit set up an exemption in behalf of the mortgagor's family, founded upon proceedings had in February, 1868. These proceedings were in accordance with the Code, as it stood prior to the constitution of 1868.

1. It is objected that the mortgage being foreclosed, the order of sale is final, that the exemption was, therefore, urged too late, and that if it could be urged at all, claim, and not illegality, would be the remedy. Whatever force there may be in these objections on strict legal theory, or as conducing to uphold mere form and finish of practice, is met and overcome by the nature and object of homestead and exemption rights. These rights are accorded mainly for the sake of women and children, and are anomalous and peculiar. In asserting them, the husband and father is heard for his family, not for himself. Failure on his part to assert them in resistance to the foreclosure of a mortgage, even if that is the more appropriate occasion, ought not to work their destruction. His supineness should have no such extreme effect on rights which have become vested by law in his family. Code, §2048. He alone can be heard in defence of the foreclosure suit. *Ib.*, §3965. The wife and children are not permitted to become parties to that proceeding. Purchasers from a mortgagor may go behind the judgment of foreclosure where their protection

requires it. 54 *Ga.*, 462; 58 *Ib.*. 158. The wife and minor children are not strictly purchasers of property set apart as exempt, but they are persons for whom the law feels a special solicitude. In that solicitude, the policy of exemption has its source and origin. A judgment which would not conclude ordinary purchasers may well be held not to conclude *them*. If they are not concluded, a claim at their instance, or on their behalf, would prevail against the levy, and arrest the sale. This being so, any doubt in respect to "illegality" as a remedy should go to uphold that remedy when it is the one adopted. Where it is plain that the property is exempt, expense and delay for the sole purpose of exchanging a doubtful mode of procedure for one absolutely correct, may be spared. The end is the important matter, and being precisely the same whether claim or illegality be employed as means, the means need not undergo nice criticism. Law belongs to the useful arts, rather than to the fine arts. With its hold upon the substance, it is not anxious about the perfection of form.

2. The deed offered in evidence and rejected, was by the wife alone, not by both husband and wife, as the Code (§2047) required it to be. It was properly ruled out. What aid to the mortgagee it would have afforded, had it been admitted, has not been brought within our comprehension.

Cited by counsel for plaintiff: (effect of foreclosure), Code, §3968; 13 *Ga.* 389, 393; 18 *Ib.*, 488; 56 *Ib.*, 94.

Cited by counsel for defendant: (exemption-right), 35 *Ga.*, 180; (illegality), Code, §§3664, 2040, 2046, 3632; 47 *Ga.*, 452; (foreclosure), Code, §§3964, 3968; 52 *Ga.*, 605; 53 *Ib.*, 280; 57 *Ib.*, 348; 58 *Ib.*, 64, top case; 55 *Ib.*, 579, 582; 45 *Ib.*, 631; (alienation), Code §2047; 55 *Ga.*, 383; 54 *Ib.*, 168, 548; 45 *Ib.*, 310; 53 *Ib.*, 257; 56 *Ib.*, 577; Freem. Judg., §355; Rorer Ju. Sales. §556, chap. xv.

Judgment affirmed.