## BRADY, guardian, *vs.* BRADY.

71   71
109  219
f109 578

71   71
115  632
115  687

1. Where an exemption has been granted by a judge or register in bankruptcy out of lands subject to a mortgage lien, such exemption is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof.
2. The bankrupt court has exclusive jurisdiction of all matters and proceedings in bankruptcy, and a final discharge can only be attacked and set aside in the court granting it.
(*a.*) Every court is vested with inherent power to control and amend its records, judgments and processes, and to correct errors and mistakes in them   When, therefore, an assignee has made a mistake in numbering the lots set apart as an exemption to the bankrupt, the bankrupt court only has power to relieve such bankrupt against whom the mistake was made by making the record conform to what really transpired in the proceedings, and this could be done, though the bankrupt had been discharged, the estate not having been wound up, nor the assignee discharged.
(*b.*) It must be presumed in favor of the court that its action in the matter was regular and upon such notice as its rule of practice and procedure required.
(*c.*) It is not decided how far such claims as that of plaintiff, if not proved in the bankrupt court are barred by the final discharge ; because the facts do not require it.
3. The plea of adjudication in bankruptcy, pending the proceedings in that court, and that the mortgaged premises had been set apart as an exemption prior to final discharge in bankruptcy, was no bar to the foreclosure, and was properly stricken.
(*a.*) Although when the property was levied on the debtor employed counsel to prosecute a claim filed by his wife and children, he was not concluded by the result. His family had no interest in his

exemption in bankruptcy, and the homestead which they sought to take in the state court was void.

(*b.*) A verdict in a claim case finding the property subject does not debar the defendant from making any defence he may have to the judgment and execution issuing thereon. He is not a party in such a sense as to be concluded by the verdict and judgment in the claim case.

September 25, 1883.

Bankruptcy.  Homestead.  Liens.  *Res Adjudicata.* Continuance.  Practice in Superior Court.  Claim.  United States Courts.  Before Judge BOWER.  Sumter Superior Court.  October Adjourned Term, 1882.

Reported in the decision.

GUERRY & SON; HILLYER & BROTHER, for plaintiff in error.

HAWKINS & HAWKLJS; E. G. SIMMONS; C. F. CRISP, for defendant.

HALL, Justice.

On the 4th day of September, 1872, Wright Brady made and delivered to Jane Brady, as guardian for certain minor children, his three promissory notes, each for the sum of $1,034.30, and due respectively on the first day of November, 1872, 1873 and 1874.  At the same time he executed to her a mortgage on lots of land, numbers 218 and 225, located in the 16th district of Sumter county, to secure the payment of these notes.  She commenced proceedings to foreclose this mortgage at the April term, 1875, of the superior court of that county.  A rule *nisi* was then issued, returnable to the next succeeding term of that court, and was duly served upon the defendant, who appeared and showed for cause why the same should not be made absolute and his equity of redemption in and to the mortgaged premises should not be barred and fore-

closed, that he was, on the 23d day of July, 1875, duly adjudged a bankrupt, upon his own petition, by the district court of the United States for the Southern District of Georgia, and that the lands in question had, by the order of said court, been set apart to him as an exemption, under the act of congress in such case made and provided. This defence was disallowed by the court, and the rule made absolute. To the decision overruling this showing, exception was taken, and the case, on writ or error, was brought to this court. This writ of error was withdrawn and the judgment of the lower court was thereby affirmed.

Execution having issued upon the judgment of foreclosure, and been levied upon the premises, Hattie L. Brady, the wife of the defendant, interposed her claim thereto as the property of herself and minor children, under this exemption in bankruptcy and under a homestead, which she alleged had been set apart to them by the ordinary of Sumter county, in conformity to the constitution and laws of this state. This claim was tried, and there was a verdict finding the property "not subject, because of the homestead." A motion was made for a new trial and refused, and the judgment overruling this motion was brought to this court on a writ of error and reversed, for the reason, as it seems, that, under the exemption in bankruptcy, the claimant and her minor children took no estate or interest in the property exempted, and that, in assigning the homestead under the laws of this state, the ordinary had not followed the requirements of the constitution and laws, and his action in that behalf was *coram non judice* and void.* When the case was again called for trial in the lower court, the claimant sought to withdraw it, but this was objected to (she having already withdrawn one claim to the same premises), and the trial proceeded ; the claimant declining to introduce any evidence or in any manner to take further part in the prosecution of her case, the property was found subject. To this ruling and decision she excepted and brought this judgment here for review

*67 *Ga.*, 868.

upon writ of error, and the judgment of the lower court was affirmed by this court.*

Afterwards, when the land was offered for sale, the defendant in the mortgage *fi. fa.*, Wright Brady, interposed his affidavit of illegality to the same, upon the ground that he had been adjudged a bankrupt; that the land had been set apart to him as an exemption by the bankrupt court; that he had received his certificate of final discharge from all debts provable in bankruptcy; that the debt on which this judgment of foreclosure was founded was created in 1872, long subsequent to the constitution of 1868, and the legislation founded on that constitution in relation to homesteads and exemption; and that the debt was not such a one as, by the provisions of the state law, the exemption was liable to pay.

The trial of this affidavit of illegality, was, by consent of parties, had by the presiding judge, both as to matters of law and fact, without a jury. Upon the hearing, the affidavit of illegality was sustained, and the plaintiff, having excepted thereto, brings her writ of error to this court, and alleges that there was error,

(1.) In finding, under the law and undisputed facts of the case, that the defendant had any valid exemption in bankruptcy as to the land levied on.

(2.) In holding that the defendant was not concluded either by the judgment of foreclosure or by the verdict and judgment in the claim case.

(3.) In adjudging that the land was exempt as against plaintiff's execution under the law and facts of the case, and in sustaining the affidavit of illegality.

1. The first and last of these assignments of error being substantially the same, will be considered together, and amount to a denial of the power of the district court of the United States, sitting as a court of bankruptcy, to set apart to the bankrupt an exemption from lands upon which the creditor has a written lien, which does not convey the title to the party holding the lien, as in the case of mortgages in this state. Code, §1954.

*68 *Ga.*, 831.

As a general proposition, this is no longer an open question in this court. *Ross, adm'r, vs. Worsham,* 65 *Ga.,* 624, is directly upon the point, and rules that, where an exemption is granted by a judge or register in bankruptcy, out of lands subject to a mortgage lien, such exemption is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof. An effort is, made, however, to distinguish the present case from that, because it is claimed that, although the lots of land encumbered by the mortgage were correctly set out in the schedule attached to the bankrupt's petition, and were in another schedule attached to the same petition claimed as an exemption, yet lots of a different number from those so set out were set apart as such exemption by the assignee. It is clear that this was a mistake upon the part of the assignee. There were no other lots of land in either schedule than those in dispute; the assignee could not have gone outside of the petition and schedule for property other than that mentioned therein, and to which the bankrupt neither had nor claimed title to allow him an exemption. Over such property he had no authority; it was never conveyed to him, because never brought within the jurisdiction of the court from which he derived title, and along with it, his power to act in the premises. After the bankrupt's final discharge, this error in the assignment of the exemption was corrected by an order and judgment of the district court of the United States, upon a proceeding brought for that purpose by the bankrupt against the assignee, of which the plaintiff in this case had no notice, although the correction was made pending the litigation between her and the bankrupt, in the state court, regarding the subject-matter of the exemption.

2. It is insisted in argument here that the district court had no jurisdiction to pass an order amending its proceedings in this particular, after the final discharge of the bankrupt; that its authority over him and the exemption allowed him then ceased, although his estate had not been

wound up and the assignee had not been discharged; and further, that the judgment correcting this mistake, if made at all, could only be made by notice of that particular proceeding to the plaintiff in this case, and that no such notice was given her.

It is evident from the schedule that the debt this mortgage was given to secure, had been returned; and that the holder of the same had, with other creditors, been notified of the proceeding, and had been cited to come forward and participate in the selection of an assignee. Whether this notice was heeded or not is immaterial; when the assignee was appointed he became the representative, not only of the bankrupt, but of his creditors, and no proceeding, pending the bankruptcy to reach any portion of the effects of the bankrupt, could be prosecuted, except in his name. This question came directly before the Supreme Court of the United States in Glenny *vs.* Langdon, 98 U. S. R., 20, and it was there held that property belonging to the bankrupt's estate, whether included in his petition and schedule, or fraudulently kept out, could only be reached by creditors through the assignee, who is subject to the direction and control of the court, which, for good cause shown, may compel him to take the requisite and proper steps for the complete protection of the rights of creditors. If this were not the case, each creditor might proceed in his own name, "and the result would be that the proceedings in bankruptcy would be transferred, not only to the circuit courts of the United States, but to every state court within whose jurisdiction a defendant might reside."

By express enactments, the courts of bankruptcy have jurisdiction "to collect all the assets of the bankrupt; to ascertian and liquidate the liens and other specific claims thereon; to adjust the various priorities and conflicting interests of all parties; to marshal and dispose of the different funds and assets, so as to secure the rights of all parties, and distribute the assets among all the creditors; to perform all acts, matters and things to be done under and in virtue of

the bankruptcy, until the final distribution and settlement of the estate of the bankrupt and the close of the proceedings in bankruptcy. Rev. Stat. U. S., §4972.

By a similar enactment, the jurisdiction of " all matters and proceedings in bankruptcy" is vested in the courts of the United States, " exclusive of the courts of the several states." *Id.*, §711.

The act of Congress of the 22d June, 1874 (18 stat. 178), provides " that the court having charge of the estate of any bankrupt may direct that any of the legal assets or debts of the bankrupt, as contradistinguished from equitable demands, shall, when the debt does not exceed five hundred dollars, be collected in the courts of the state where the bankrupt resides having jurisdiction of claims of such nature and amount." This is the only exception to the exclusive jurisdiction of the district courts over " matters" in bankruptcy, and its extent is quite limited. By no process of reasoning or construction, can it be extended to " proceedings " in that court. In *Dodd vs. Hammock,* 59 *Ga.,* 403, this court denied the use of our courts to an assignee in bankruptcy to recover personal property, claimed to belong to the estate of the bankrupt. It was held that this property in the hands of a third party was a matter in bankruptcy, and was not a part of the legal assets belonging to the estate, as contradistinguished from equitable demands, in the sense of the act of Congress. Judge Bleckley dissented from his brethren, because he was of the opinion that the suit did not relate to matters in bankruptcy within the meaning of that statute; but we are not to conclude from this, that he would have sanctioned any interference with the ordinary proceedings of that court by other tribunals, as the correction of manifest errors in such proceedings made in the disposition of any portion of the effects belonging to the estate, by the officers of the court, such as the assignee and register, under its supervision and approval.

It is sufficient to say that every court, whether it exer-

cises exclusive or concurrent jurisdiction, is vested with inherent power to control and amend its records, judgments and processes, and to correct errors and mistakes in them. So far is this claim to exclusive jurisdiction, as recognized by the bankrupt act, carried, that the final discharge of a bankrupt can only be attacked and set aside in the court granting it. Rev. Stat., §5120. Under these restrictive clauses in the act, the party against whom the mistake was committed could have been relieved from its consequences in no other court. None other had the power to hear him, and to act so as as to relieve him effectually by making the record conform to what really transpired in the proceeding. And it must be presumed in favor of the court that its action in the matter was regular and upon such notice as its rules of practice and procedure required. Its judgments must be held as conclusive as those of other courts, in matters within its jurisdiction, and are as liable to collateral attacks as others.

How far such claims as that of plaintiff, which was not proved in the bankrupt court, are barred by the certificate of final discharge, we have not decided, only because the facts of the case do not demand from us an opinion upon the question. The only debts excepted by the terms of the act from such a discharge are those " created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character" (Rev. Stat., 5117); and to these exceptions the courts, by construction of the act, have added one other, viz., debts due to the government, upon the well settled rule, that the sovereign is never brought within the meaning of such acts, unless expressly mentioned. U. S. *vs.* Herron, 20 Wallace, 251; 92 U. S. R. (2 Otto) 618. Subject to these limitations, a discharge in bankruptcy releases the bankrupt from all other claims, debts and liabilities, etc., which were " proved, or might have been proved," against his estate in bankruptcy. Facilities for pleading his discharge are afforded by the act, and a simple and

easy mode of making such defence is provided. The certificate is made conclusive evidence in his favor of the fact and regularity of his discharge. Rev. Stat. §5119.

3. One other question remains to be determined, and that is whether the affiant here was barred from availing himself of the defence set up to this execution by the judgment rendered against him in the court below upon his defence to the proceeding to foreclose this mortgage, and affirmed by this court, as well as by the final judgment rendered against the claimant in the case wherein he was the defendant in execution and his wife was the claimant, and likewise affirmed on bill of exceptions and writ of error brought to this court.

The plea of adjudication in bankruptcy, pending proceedings in that court, and that the mortgaged premises had been set apart as an exemption prior to final discharge in bankruptcy, was no bar to the foreclosure, and was properly stricken. *Cumming vs. Clegg*, 52 *Ga.*, 605; *Hatcher vs. Jones*, 53 *Ib.*, 208; *Price vs. Amis*, 58 *Ib.*, 604; *Toler vs. Passmore*, 62 *Ib.*, 263. There was no allegation in the case before the court, as there was none in any of the foregoing, that the plaintiff had proved her claim in bankruptcy, or had in any manner participated in the distribution of the bankrupt's estate. The striking of the pleas, upon demurrer, on this ground, left nothing to be concluded by the judgment of foreclosure. It went as though no defence had been set up.

Although the affiant employed counsel to prosecute the claim cases, and was present aiding in the conduct of the trial, he was not bound by the result. The claim had no foundation to rest on; the wife and children manifestly had no estate or interest in the exemption allowed the defendant in bankruptcy; and the homestead set apart for their benefit by the ordinary of Sumter county, was void for want of jurisdiction in the court granting it, as has been decided in the case.

Besides, a verdict in a claim case, finding the property

subject, does not debar the defendant from making any defence he may have to the judgment and execution issuing thereon. He is not a party in such a sense as to be concluded by such verdict and judgment.

There is no error in the several rulings of the court below to which exception has been taken.

Judgment affirmed.