26687. MAY *v.* LOEB.

DECIDED MARCH 18, 1938.   ADHERED TO ON REHEARING APRIL 1, 1938.

*John I. Kelley,* for plaintiff in error.

*Watkins, Grant & Watkins,* contra.

STEPHENS, P. J. Mrs. Max Loeb sued Harry May for a breach of warranty of the title of a diamond ring bought by her from him. It appears from the petition and the uncontradicted evidence adduced that the plaintiff bought the ring from the defendant for a consideration of $1000 and pawned it to one W. M. Lewis; that as a result of a suit in trover afterwards instituted by P. A. Tatum against Lewis to recover the ring as being the property of Tatum which Tatum alleged had been stolen from him, in which Lewis vouched the plaintiff, Mrs. Loeb, into court, and a verdict and judgment were found for the plaintiff, Tatum, thereby adjudicating the title to the ring in him, the possession of the ring was yielded to Tatum. It was stipulated and agreed on the trial by, counsel for both sides that "the ring belonged to Mr. May at the time it was sold to plaintiff, and while said ring had never belonged to Tatum, as claimed by him, it was the same ring recovered by Tatum in the case of Tatum *v.* Lewis." Thus far it would seem that the plaintiff had failed to establish any breach of warranty against the defendant, and that a verdict and judgment for the defendant were demanded. It is insisted, however, by the plaintiff, that, notwithstanding the ring in truth and in fact belonged to May when he sold it to the plaintiff and was never the property of Tatum, and that the verdict and judgment for Tatum in the suit against Lewis finding the right and title in the ring as being in Tatum did not in fact speak the real truth, the verdict and judgment in that case constituted an adjudication that title to the ring was not in May, and caused the plaintiff to lose the ring, May

is bound by that adjudication because he was vouched into court in the suit of Tatum against Lewis and had an opportunity to defend his title to the ring. If this contention of the plaintiff is correct, the verdict and judgment found in her favor against May were legally authorized. It is contended by the defendant, May, that he was never vouched into court in the case of Tatum against Lewis, and is therefore not bound by that judgment. The defendant pleaded as a relief against the binding force and effect on him of the judgment rendered for the plaintiff against the defendant in the case of Tatum against Lewis the conduct of the vouchee in that case, Mrs. Loeb, in pawning the ring to Mr. Lewis under a fictitious name, in violation of an ordinance of the city, which conduct it is alleged unduly prejudiced the jury against the defendant in that case, and estops Mrs. Loeb from insisting on the judgment as binding on May.

It appears from the evidence that after the plaintiff, Mrs. Loeb, had been vouched into court by Lewis, the defendant in the suit by Tatum to recover the ring, she, according to her testimony, called on May and he said to her "Don't worry; I will call Mr. Mayer; he is my lawyer and he will tell you what to do;" that May called Mr. Mayer and told him that she would call to see him, that Mr. May stated: "I will call my attorney, Mr. Mayer, and talk to him;" that Mr. May called Mr. Mayer on the telephone and stated to Mrs. Loeb, "You go on up and see him and explain it to him;" that she called on Mr. Mayer but never employed him and never paid him any fee; that Mr. May sent her to Mr. Mayer as Mr. May's attorney. It appears that afterwards Mr. Mayer appeared at the trial of the case of Tatum against Lewis, took part in the examination of witnesses and made an argument in the case, and afterwards argued the motion for new trial in that case made by the defendant Lewis. Mr. Mayer testified that while he was present at the trial of the case of Tatum against Lewis he was not an attorney of record and was not employed by Mr. May to represent him in that case; that Mr. May never discussed employment with him to represent him in that case, but that Mr. Mayer discussed the facts of the case with Mr. May quite fully prior to the trial of the case; that Mrs. Loeb came to his office some time in 1934, and stated she had come after Mr. May had telephoned about a bail-trover suit against Mr. Lewis by Dr. Tatum; that she

stated to the witness that she had been vouched into court, and gave him a copy of the bail-trover suit; that she stated to the witness a number of things about the case, and said she wanted him to represent her in connection with the vouching notice. Mr. Mayer further testified that in making the motion for new trial he "thought" he was acting in behalf of Mrs. Loeb. Mr. Mayer further testified that he had, as attorney, represented May in other cases; that after the trial of the case of Tatum against Lewis, Mayer, while in New York on his own account, called upon Tiffany's and made an investigation there as to facts which would shed light upon the title to the ring. Mr. Mayer testified that he had never billed either Mr. May or Mrs. Loeb for a fee in the case of Tatum against Lewis.

It further appears from the evidence that Mr. May testified that after the case of Tatum against Lewis was filed, Mrs. Loeb called on him and told him about the case and asked him what she should do; that he told her to see an attorney, and in response to her questions as to what attorney he would suggest, he told her to see Mr. Mayer. Mr. May testified that he did not employ Mr. Mayer, and did not authorize anybody to employ him to act for him on the trial of the suit of Tatum against Lewis, and has not paid Mr. Mayer any fee; that he did not employ counsel to represent him, and was not asked by anybody to employ counsel to represent him in the trial of that case. Mr. May further testified that in testifying in the case of Tatum against Lewis he stated that he was merely a witness in that case, and had nothing else to do with the case; that the plaintiff, Mrs. Loeb, never asked him to come into court in any capacity except as a witness. There is evidence that Mr. May paid a portion of the costs of copying the record in the case of Tatum against Lewis, and that Mr. May did this at the request of Mr. Mayer. It appears inferentially that counsel other than Mr. Mayer appeared for the defendant on the trial of Tatum against Lewis. The judge of the municipal court, who tried the case without the intervention of a jury, found in favor of the plaintiff. The defendant's motion for new trial, on the general grounds, was overruled, and he excepted.

A person who is vouched into court, in a suit pending by a defendant having a remedy over against him, and who is therefore bound by a judgment rendered against the defendant to the extent

of the plaintiff's right to recover and the amount of the recovery, can not be relieved of the binding effect of such judgment unless it could be shown that it was obtained by collusion or negligence on the part of the defendant. 15 C. J., 1264. Mere acts or conduct of the defendant, which did not constitute collusion or negligence causing the judgment to be rendered against him, but which were mere acts or conduct on the part of the defendant which, when appearing in evidence on the trial, were sufficient to influence the jury in rendering judgment against the defendant, do not relieve the vouchee of the binding force and effect of the judgment as against him. The court did not err in striking that portion of the defendant's plea which set up as a relief against the binding force and effect on him of the judgment rendered for the plaintiff against the defendant in the case of Tatum against Lewis the conduct of the vouchee in that case, Mrs. Loeb, in pawning the ring to Mr. Lewis under a fictitious name in violation of an ordinance of the city, which conduct it is alleged unduly prejudiced the jury against the defendant in that case, and estops her from insisting on the binding force of that judgment on May.

"Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein shall be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." Code, § 38-624. Only a person against whom a defendant has a remedy over is, as a vouchee, bound by the judgment which may be rendered against the defendant. The defendant in the case in which it is contended May was vouched into court was not Mrs. Loeb, the present plaintiff, but was Lewis the defendant in the case of Tatum against Lewis. Lewis, to whom Mrs. Loeb had pawned the ring, may have had a remedy over against her in the event of a judgment against Lewis in the trover suit instituted against him by Tatum. Lewis had no remedy over against May as May had not warranted the title to the ring to Lewis. May had only warranted the title to the ring to Mrs. Loeb. "In a sale of personal property the warranty is not negotiable or assignable, and does not run with the article sold." *Smith* v. *Williams,* 117 *Ga.* 782 (45 S. E. 394, 97 Am. St. R. 220) ; *Young* v. *Certainteed Products Corporation,* 35 *Ga. App.* 419 (133 S. E. 279). The judgment by which it is sought to hold May as the vouchee into

court was a judgment rendered in the suit of Tatum against Lewis adjudicating the title to the ring in Tatum as against any right, title, or claim of Lewis, the defendant. The judgment in that case was a judgment against Lewis, and was not a judgment against Mrs. Loeb, although she may have been vouched into court and may be bound by it to the extent of Tatum's right to recover and the amount of the judgment in a subsequent litigation between her and Lewis. If Lewis, after the judgment against him in favor of Tatum, had sued Mrs. Loeb for the money which he had advanced to her as a loan on the ring, she perhaps could have vouched May into court, and he could then be bound as a vouchee by a judgment which Lewis might have obtained against Mrs. Loeb. It is possible that in a suit by Lewis against Mrs. Loeb, Lewis would not have prevailed and would not have obtained a judgment against Mrs. Loeb. In that event there would have been no judgment which would have been binding on May. It follows therefore that May was not, as a vouchee into court in the case of Tatum against Lewis, bound by the judgment for the plaintiff in that case.

Decisions which hold that where a person not a party to the record appears and defends a suit he is bound by the judgment, are of cases in which the party so held bound was a person subject to being vouched into court by the defendant who had a remedy over against him, or was a person who was actually made a party defendant by order of court, or who in the protection of some interest or right of his own actually appeared to all intents and purposes as a defendant, and conducted the litigation. The rule is stated in 34 C. J. 1006, as follows: "A person who is not made a defendant of record and is not in privity with a party to the action may, as a general rule, subject himself to be concluded by the result of the litigation if he openly and actively, and in respect to some interest of his own, assumes and manages the defense of the action, although there is authority to the contrary. But to bring about this result it is necessary that the person so intervening should do so for the assertion or protection of some interest or right of his own, or to escape some ultimate liability on his own part; that he should defend the action openly and avowedly and with notice to the adverse party; and that he should be practically substituted for defendant in the management and control of the case, as it is not sufficient to bind him that he merely

advised or aided in the trial, gave evidence, cross-examined witnesses, or joined in an appeal; or that he employed and paid defendant's attorney or otherwise contributed to the expense." See *Brady* v. *Brady,* 71 *Ga.* 71; *Williamson* v. *While,* 101 *Ga.* 276 (28 S. E. 846, 65 Am. St. R. 302). No right of May was in jeopardy on the trial of the suit of Tatum against Lewis, notwithstanding May's vendee, Mrs. Loeb, was vouched into court by the defendant in that suit. May had no interest of his own that needed protection in that suit, and it was not necessary for him to appear in that suit to escape any ultimate liability.

As Lewis had no remedy over against May, a judgment against Lewis in that case could not in any manner bind May in a subsequent suit against him by Mrs. Loeb, unless May appeared at the trial of that case or conducted the defense and, by reason of such conduct or by some other act, rendered himself bound in some manner by the judgment afterwards rendered against the defendant in that case. May was not a party of record in the case of Tatum against Lewis. If May contributed at all to the defense in Tatum against Lewis, he, construing the testimony most strongly against him, and giving Mrs. Loeb the benefit of all deductions from the testimony, did no more than procure his attorney, Mr. Mayer, to represent Mrs. Loeb, the vouchee, in that case. She testified that when she called on Mr. May after she had been vouched into court in the case of Tatum against Lewis, and acquainted him with the pendency of the suit, he sent her to his attorney, Mr. Mayer, stating to her that Mr. Mayer was Mr. May's lawyer and that Mr. Mayer would tell her what to do; that she accordingly called on Mr. Mayer and stated the case; that she did not employ Mr. Mayer and has paid him no fee. Mr. Mayer afterwards appeared in the case as attorney and conducted the defense. It is only by deductions made from circumstances appearing in the evidence that May appeared in person or through his attorney on the trial of the case of Tatum against Lewis and took any part for the defense in the trial of that case. While Mrs. Loeb testified positively that she did not employ Mr. Mayer as her attorney to represent her in that case, both Mr. May and Mr. Mayer testified positively that Mr. Mayer was not employed or engaged by Mr. May to represent him as his attorney on the trial of that case.

This testimony is uncontradicted and undisputed by any other positive testimony in the case.

The circumstances, relied on to authorize an inference that Mr. Mayer appeared as Mr. May's attorney and as representing him on the trial, are that Mr. May called Mr. Mayer over the telephone, referred Mrs. Loeb's case to Mr. Mayer, sent Mrs. Loeb to him as Mr. May's attorney; that Mr. Mayer consulted about the case with Mr. May, and afterwards appeared for the defense in the case, examined witnesses and made argument; that Mr. May afterwards, at the suggestion of Mr. Mayer, paid part of the cost of reporting the testimony; and that Mr. Mayer when in New York made an investigation at Tiffany's with respect to the title to the ring, and other circumstances. These facts are equally consistent with the theory that Mr. May did not employ Mr. Mayer as his attorney to represent him on the trial of that case, but that Mr. Mayer represented Mrs. Loeb in that case at the suggestion and instigation of Mr. May, as with the theory that Mr. Mayer represented Mr. May. "When a plaintiff's right to recover depended upon the establishment of a particular fact, and the only proof offered for this purpose was circumstantial evidence from which the existence of such fact might be inferred, but which did not demand a finding to that effect, a recovery by the plaintiff was not lawful, when, by the positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed." *Frazier* v. *Georgia Railroad &c. Co.*, 108 *Ga.* 807 (33 S. E. 996). Both Mr. May and Mr. Mayer appeared as unimpeached witnesses. The positive and uncontradicted testimony of both Mr. May and Mr. Mayer that Mr. May did not employ Mr. Mayer to represent him on the trial of the case of Tatum against Lewis, and that therefore Mr. Mayer, in conducting the defense in that case, did not do so as Mr. May's attorney, establishes conclusively and without contradiction from the evidence that Mr. May made no appearance either personally or by his attorney on the trial of the case of Tatum against Lewis, and did not participate therein, and is therefore not bound in any manner by the judgment rendered in that case against the defendant on the ground that Mr. May appeared on the trial and participated therein.

As a judgment for the plaintiff, Mrs. Loeb, in the case at bar can be sustained only on the theory that May is bound by the judgment rendered in the case of Tatum against Lewis, and since it appears as a matter of law that May was not bound by that judgment, the verdict found for the plaintiff was without evidence to support it, and the court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Felton, J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. The controlling point in the present case is whether the verdict and judgment in the trover case of Tatum *v.* Lewis, finding the title to the diamond ring to be in Tatum and thereby causing Mrs. Loeb to lose the ring, are binding on the defendant May. If May was vouched into court or appeared in person or by attorney and took part in defending the case, then that verdict and judgment would be binding on him and would establish the plaintiff's right to recover in the present case for a breach of warranty.

When a person is sued for breach of warranty for the sale of personal property, such person has the right to vouch his vendor into court to defend the title to the property in question. Code, §§ 38-624, 29-306. The vouchee is bound by the judgment in such case. The vendor of personal property impliedly warrants the title thereto (Code, § 96-301), and this warranty runs from the grantor to the grantee, and does not run with the article sold. When Mrs. Loeb was vouched into court by Lewis in the trover suit by Tatum for the ring, she was placed in a position to be concluded by whatever judgment that might be rendered in such proceeding. May had sold the same ring to her, and the law says he impliedly warranted the title thereto to her, just as she had to Lewis. Lewis vouched her into court to defend her warranty of the ring to him, and when this was done I think she likewise had the right to vouch May in to defend his warranty of the ring to her. I know of no rule of law that prohibits this being done. Indeed, such is the very purpose of the law that provides that a defendant may vouch his vendor into court, that is, to avoid a multiplicity of suits where litigation over the same subject-matter can be determined and adjusted in one proceeding.

The next question is, was May vouched into court or did he appear in person or by attorney to defend or take part in the trover

suit? I think the evidence authorized the trial judge to so find. Mrs. Loeb testified that when she was vouched into court, she went to May and notified him of the trover suit and asked him what to do. He told her to go to his lawyer, Albert Mayer, and he would tell her what to do, and accordingly she went to Mr. Mayer and conferred with him about the case. Mr. Mayer appeared as an attorney in the case, took part in the examination of witnesses, made an argument therein, and made a motion for new trial. Mr. May was present at the trial and testified as a witness; and he paid approximately $56, one-half of the costs of obtaining the record, in order to prepare the appeal in that case. He was certainly interested in the ultimate outcome of the litigation over the ring as he had warranted the title of the same to Mrs. Loeb. In these circumstances as here presented by the record, I think the trial judge was authorized to find in favor of the plaintiff, and therefore the judgment should be affirmed.