## 27360. LOEB *v.* MAY.

Decided October 27, 1939.

*Edgar Watkins, Allan Watkins,* for plaintiff.

*John I. Kelley,* for defendant.

Stephens, P. J. Mrs. Max Loeb instituted suit against Harry May, to recover for an alleged breach of warranty of title to a diamond ring which she alleged she bought from the defendant, and which she afterwards pawned to one Lewis, and which had been recovered from Lewis by suit in trover by a third person named Tatum, who claimed title to the ring. It was further alleged by Mrs. Loeb in her petition, that, after Lewis had been sued by Tatum in trover to recover the ring, Lewis vouched her into court; that she thereupon notified May and his attorney that she would hold May responsible in the event the ring was recovered by Tatum; that when the case of Tatum against Lewis came on for trial, Albert Mayer, representing May, participated in the trial of the case, and that the result in that case was a verdict and judgment in favor of Tatum against Lewis. The defendant in his answer in effect admitted the allegations as to the suit of Tatum against Lewis, and the verdict rendered therein; but he denied that he had been vouched into court in that case as alleged, or that he had participated by himself or through his attorney in the trial of that case.

When the present case was called for trial before the judge without a jury, as a trior of the facts, the plaintiff's counsel stated as follows: "I will stipulate that unless Harry May was bound by the voucher in the case of *Tatum* v. *Lewis,* tried in the Fulton superior court, or unless he became bound thereby by participating in the case through his attorney, then the defendant is not liable and the plaintiff is not entitled to recover in this suit." No evidence was introduced. A motion that judgment be entered for the defendant, on the statement made by counsel for the plaintiff, was sustained, and judgment for the defendant was entered. The plaintiff's motion for new trial, upon the grounds that the ver-

dict was contrary to law and without evidence to support it, was overruled, and the plaintiff excepted.

The plaintiff having admitted and stipulated in open court upon the trial that the plaintiff would not be entitled to recover, and that the defendant would not be liable unless defendant was bound by the voucher in the case of Tatum against Lewis, or unless he became bound by the judgment in that case by participating in the trial of that case through his attorney, and there being no evidence to sustain the assertion of the plaintiff's counsel that May was vouched into court, or that he participated in the trial of the other case, a verdict and judgment for the defendant were demanded as a matter of law. Giving to the plaintiff, however, the benefit of the record upon the former trial and the evidence adduced upon that trial, as appears from a report of this case in 57 *Ga. App.* 788 (196 S. E. 268), the defendant was neither lawfully nor legally vouched into court, and the evidence was insufficient to show that he participated either by himself or his attorney in the trial of the case of Tatum *v.* Lewis in such a manner as to become bound by the judgment rendered in that case, wherein it was found that the title to the ring in question was in Tatum. The verdict and judgment for the defendant were demanded as a matter of law, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*