## No. 13.—JOHN H. BROUGHTON, Plaintiff in Error, *vs.* HENRY BADGETT, Defendant in Error.

A bill of sale to a slave containing Warranty of Soundness is neither at common law, by the Statute of Anne, nor by our own Act of 1799, negotiable by endorsement, so as to vest in the endorsee a right of action on the warranty.

The Act of 1799 makes the papers therein enumerated negotiable " *in such manner and under such restrictions as are prescribed in the case of promissory notes.*" They must be payable to the *payee's order or assigns, or to bearer*, as prescribed by the Statute of Anne.

Questioned, whether an instrument under seal can be transferred by endorsement not under seal?

A specialty is defined by Littleton to be, " *a bond, bill, or such like instrument ; a writing or deed under the hand and seal of the parties.*"

The Act of 1799 has reference exclusively to *liquidated demands*, whether for money or other thing, and applies to these instruments alone, which are for the payment of an ascertained sum of money, or of some specific article or articles of property.

It is not necessary that there should be a recovery upon Broughton in order to entitle him to sue on the warranty.

This was an action of covenant upon warranty of soundness of a slave, tried before Judge Merriwether, in the Superior Court of the county of Greene, at March Term, 1846. The facts of the case are set forth in the opinion delivered by the Superior Court, to which the reader is referred.

JOHN G. McHENRY, for Plaintiff in Error.

The real effect of the decision made by the court below, rejecting the evidence tendered, is that Broughton has no right to maintain the present action—he having assigned his title to the slave named in the bill of sale, as well as all right to maintain an action for a breach of warranty for any unsoundness that may have existed at the time of the first purchase.

1st. We maintain that by Broughton's endorsement to Attaway, of the original bill of sale made by Badgett to him, not even title was conveyed to Attaway. Is the instrument tendered (being under seal) such an one as could be transferred or negotiated at common law? Certainly not. Is any negotiable quality given to such instruments by our Statute of 1799. By reference to that statute, it will be found that bonds, specialties, promissory notes, and other liquidated demands bearing date since 9th of June, 1791, whether for money or other things, shall be of equal dignity, and be negotiable by endorsement, in such manner and under such restrictions as are prescribed in the case of promissory notes.

Clearly, at common law, this being an instrument under seal, cannot be transferred by such assignment as this, not under seal. By our statute referred to, if the instrument be negotiable by endorsement, it must be under the restrictions prescribed in the case of promissory notes. In this instrument there are to be found no words rendering the same negotiable ; so the difficulty at common law is not obviated by any of the provisions of our statute.

The effect of the Statute of '99, goes no farther than to vest an equitable title in the transferee, and does not divest Broughton of the legal title. But admitting for the sake of argument, that by the endorsement Broughton conveyed to Attaway his *title* in the property, does the alienation of title preclude his right to an action for damages on the breach of warranty? Clearly not. No point is more firmly established, than that in cases of this kind, *damages constitute the gist of the action ; soundness or unsoundness* is the question; *and so soon as the warranty is violated, the right to the action for damages accrues, and even when the party has parted with the title to the property.*—1st H. *Blackstone*, 17 ; 1 *T. R.*, 136; 2d *T. R.*, 745 ; 1st *Taunt.*, 368; *Wheaton, Selw. Title Deceit.*

Again, admitting the assignment by Broughton to Attaway of his title in the property

specified in the original bill of sale, does that assignment transfer to Attaway the right to maintain an action, for any breach of the warranty that might occur, made by the original vendor to Broughton? At common law, that being merely a right to bring an action, was not subject matter of assignment. How does it stand by our statute of '99? That statute allows bonds, specialties, promissory notes, and other *liquidated demands* to be negotiated under such restrictions as the statute of Ann prescribes for the negotiating of promissory notes. This statute clearly contemplates *liquidated* demands; instruments given for money or some specific article, for such is the language of the statute itself; and it certainly does not design by the use of the term *specialties*, to admit of the assignments of all instruments which are made under seal, by mere endorsement. If so, deeds to land are likewise subjects matter of negotiability by mere endorsement. Such is not the meaning of the statute; and, clearly, it does not contemplate the rendering the mere right to maintain actions for unliquidated, uncertain demands negotiable by mere endorsement. Besides, this instrument falls under the provisions of the exception affixed to that statute. What is the real meaning and import of the endorsement upon this instrument? It amounts to nothing more than a second bill of sale by the first vendee Broughton, in tenor and effect as that made by the first vendor to him.

In every view of this question, I contend, both at common law, and under our statute of '99, the court erred in rejecting the testimony tendered.

F. H. CONE for Defendant in Error.

W. C. DAWSON in conclusion for Plaintiff in Error.

By the Court—NISBET, Judge.

Badget, the defendant in error, sold to Broughton, plaintiff in error, a female slave, and executed to him a bill of sale for her, containing a warranty of soundness. The plaintiff in error sold the slave to one Attaway, and endorsed to him the bill of sale which contained the warranty. The bill of sale was under seal, the endorsement was in parol, and in the following words, to wit : " Jan. 25th, 1844, for full value received I hereby transfer the within bill of sale, made by Henry Badgett to me, to Chesley Attaway, test., A. T. Scott, and signed John Broughton."

After the sale of the slave to Attaway, she proving unsound, as was alleged, Broughton brought his action against Badgett on his warranty for damages. In making out his case, the plaintiff tendered in evidence, the bill of sale, with the endorsement. The defendant demurred to the evidence, upon the ground, that the endorsement transferred all right, on the warranty, to Attaway and therefore, Broughton, the plaintiff, could not sue. The demurrer was sustained and the plaintiff submitted to a verdict. Upon this decision the error is assigned. We are therefore called upon to decide whether the bill of sale is itself negotiable, and if it is, whether the endorsement of it to Attaway, gave to him a right of action upon the warranty of Badgett therein contained—which involves the right of Broughton to sue, for it is very clear, that he and his transferee cannot both sue Badgett on his warranty.

The bill of sale being under seal, and the endorsement on it being by parol, if it be a negotiable instrument at all, it may be questioned, whether it can be transferred but by endorsement under seal. We believe that this paper, however, is neither at common law, by the statute of Anne, nor by our own act of 1799, negotiable. The endorsement and delivery of it to Attaway, is evidence of title to the slave, by which Broughton is estopped—by virtue, too, of which Broughton may occupy the same relative position to Attaway, which Badgett occupies to him,

but no right of action on the warranty was thereby transferred—*that* remains with Broughton. Nor do we believe that it was necessary, that there should be a recovery upon Broughton, in order to entitle him to sue on the warranty. His rights against Badgett remain as they were, and are not affected by the new relations between himself and his vendee. A chose in action is not assignable at common law, so as to vest the legal title in the assignee. The statute of Ann makes only such securities as are payable to the order or assigns of the payee, or to bearer, negotiable. They must have negotiable words on their face, showing the intention of the makers, to give them a transferable quality.—*Story on Bills,* 75; 3 *Kent,* 77. This paper contains no negotiable words and is not, therefore, negotiable by the statute of Ann. By the act of 1799 (*Prin. Dig.* 426) the papers which are therein made negotiable are only made negotiable " in such manner and under such restrictions as are prescribed in the case of promissory notes." One of the restrictions prescribed by the statute of Ann is, that promissory notes must be payable to the payee's order or assigns, or to bearer. Under this view of the subject, the instrument under review is not negotiable under the act of 1799. But the court gives to that act a construction which upon other grounds wholly denies to this bill of sale and warranty any negotiable qualities. It is of opinion that it was not the intention of the Legislature to include at all, under the provisions of the act of '99, such an instrument as this. It is argued by counsel for defendant in error, that this paper being under seal is a specialty and is therefore included in the words of the act, " all bonds, and other specialties." It is not denied but that this paper is a specialty, but it is denied that it is such a specialty as was intended in the words of the statute. A specialty is defined by Littleton, to be " a bond, bill or such like instrument, writing or deed under the hand and seal of the parties." Here are two kinds of specialties according to the definition, to wit : Bonds and bills and such like instruments, and writings and deeds, both being under seal. The former class obviously includes instruments under seal for the payment of money—the latter, deeds and instruments of like character. The Legislature meant, no doubt, specialties of the former class—to which class this bill of sale does not belong, for it is not a bond or bill or other instrument to pay money—but contains title to a slave and a warranty of her soundness. The warranty assumes to pay nothing ; it gives only a right of action, in which action, recovery is dependent upon proof on trial. It will not be contended that a deed is negotiable by the act of '99, and yet a deed is a specialty. By " bonds and other specialties and promissory notes and other liquidated demands," the Legislature manifestly meant " liquidated demands," and no others. This construction is drawn from the terms of the act, specifying bonds and other specialties and promissory notes, " it enumerated other liquidated demands." By which it is apparent that the securities previously enumerated, as well as those in these words embraced, are meant to be such as assume to pay an ascertained—*liquidated* sum of money. It is also insisted that the clause in the statute which follows, to wit : " whether for money, or other thing," is an enlarging clause, and is meant to include all kinds of papers between man and man, which the relations of society may originate. We do not think so, but believe that this clause was designed to give negotiability to notes or bonds for the payment of some

specific article of property.    At the time the act was passed there was in the country but little money.    Commercial operations were limited. The consequence was that much of the business of our State was conducted by an exchange of property ; notes were then made payable in the products of the soil—as tobacco, indigo, and cotton.    Indeed such notes are not uncommon at this day.    To such notes and obligations this clause has reference and gives to them negotiability.

They too are liquidated demands.    They are made payable in an ascertained and specific amount of property or produce, and are therefore liquidated.    Under no view of the subject can we believe that the legislature meant to make a mere right of action negotiable.    Mr. Broughton did not, because if desirous, he could not, endorse to Attaway his right of action on this warranty.    We think the judge of the court below erred, and that his decision in this cause must be reversed.

Act of 1799, section XXV., referred to in the foregoing decision, is as follows : "All bonds, and other specialties and promissory notes, and other liquidated demands, bearing date since the 9th day of June, 1791, whether for money or other thing, shall be of equal dignity, and be negotiable by endorsement, in such manner and under such restrictions as are prescribed in the case of promissory notes. *Provided* that nothing herein contained shall prevent the party giving any bond, note, or other writing, from restraining the negotiability thereof, by expressing in the body thereof such intention."—*Prin. Dig.* 426.