## SMITH *v.* WILLIAMS.

1. In a sale of personal property the warranty is not negotiable or assignable, and does not run with the article sold.
2. The measure of damages on a breach of warranty of personal property is the purchase-price with interest, and in some instances the expense incurred in defending the title to such property.

3. This measure of damages as against the original warrantor, can not be increased by reason of contracts made or liabilities or expenses subsequently incurred or paid by his vendee on account of independent contracts of warranty of the same property to later purchasers.

4. In a suit to recover damages on a breach of warranty the plaintiff is not entitled to recover attorney's fees for prosecuting the action, where there is no allegation that the defendant was guilty of deceit or fraud in the sale, or acted in bad faith.

Submitted June 4, — Decided June 26, 1903.

Complaint. Before Judge Foster. Jasper superior court. October 20, 1902.

*Greene F. Johnson*, for plaintiff in error.

*George & Anderson*, contra.

LAMAR, J. In 1900 Smith sold personal property to Williams with warranty; Williams sold to Newton with warranty; Harris on a title outstanding in 1896 recovered the property from Newton, who thereupon sued Williams on breach of warranty, claiming and recovering as damages the purchase-money, attorney's fees and costs expended by Newton in defending against Harris's title, and attorney's fees for bringing the suit against Williams. Smith had notice of this suit, but failed to defend when requested so to do by Williams. Thereupon the latter sued Smith for the breach of warranty, claiming as damages all of the items recovered by Newton, and also attorney's fees for bringing the present action. Smith moved to strike all claims for costs and attorney's fees in the previous suits, and also the the attorney's fees claimed for bringing the present suit; which motion being overruled, he excepted.

Of course, the grantor of land is liable to his immediate grantee, who has been evicted, for the purchase-money with interest, and expenses incurred by him in defending the title; but not for expenses incurred in a series of suits for breach of warranty by remote grantees holding under but not immediately from him. Where there have been successive sales with successive warranties, and a breach arising from an outstanding title existing at the time of the sale by the common grantor, it is evident that if separate suits be brought by each grantee, and the costs and attorney's fees are to be carried forward, and finally paid by the original warrantor, these items, as here, may finally become of as much importance as the liability for the purchase-money. Each sale is a separate transaction. Each vendor is liable for his own contract, and to the extent thereof.

But he can not enlarge his prior vendor's obligation beyond that fixed by law. The measure of damages is the purchase-money with interest and expenses properly incurred by the vendee in attempt-. ing to defend his title; but not for expenses incurred by others in asserting or defending rights warranted by their immediate vendor, even though they be also derived by a chain of title from the remote warrantor. Such a rule would make Smith liable to Williams not only for expenses incurred under his warranty to Williams, but for those under Williams's warranty to Newton, and under Newton's warranty to his vendee, and so on ad infinitum. These increased elements of damage could not be collected even on a sale of land, where the benefit of the warranty and the right to sue thereon passes to each successive vendee. Civil Code, §§ 3612, 3864. For a much stronger reason it would not apply to a sale of personal property with warranty. It is true that in *Dukes* v. *Nelson*, 27 *Ga.* 463, Benning, J., said that he could conceive of cases in which, in his opinion, the vendee would be entitled to the benefit of a warranty made to his vendor. Where personal property is sold, and there are defects latent and concealed, and unknown to the vendee, and a subsequent purchaser is injured by reason thereof, an action for damages sounding in tort may sometimes arise against the one negligently putting the thing into circulation. Longmeid *v.* Holliday, 20 L. J. Ex. 430; Lewis *v.* Terry, 111 Cal. 39, 52 Am. St. R. 146. Compare Civil Code, §§ 3864, 3865, as to sale of unwholesome provisions and adulterated drugs. But a warranty of soundness is not negotiable (*Dukes* v. *Nelson*, supra); and if so, there is no reason why a warranty of title in the sale of personal property should stand on any different footing. A warranty does not run with the article sold. If the title is not good, the vendee must look to him from whom he purchased, and to whom he paid the consideration. *Central R. Co.* v. *Ward*, 37 *Ga.* 531. The remedy of the subsequent purchaser is against his immediate seller, and not against the original owner.

We are not dealing with the rights of the holder of negotiable or quasi-negotiable paper (Civil Code, § 3685; *McCay* v. *Barber* 37 *Ga.* 423; Lemon *v.* Strong, 12 L. R. A. 270); nor with the rights of the purchaser of a draft with bill of lading, elevator receipt, or papers described in the Civil Code, § 2956. Finch *v.* Gregg, 49 L. R. A. 679.

Smith was not vouched into the suit by Harris against Newton, and is therefore not concluded by that judgment, even if the Civil Code, § 3617, applies to that class of cases. The fact that he was asked to intervene and defend in the suit by Newton against Williams for damages would not bind him for any element of damages for which he was not responsible, even though Newton sued Williams and recovered attorney's fees in that suit, and for fees and expenses previously paid by Newton in the effort to defend the title litigated in the Harris suit. Smith's liability and the measure of damages to be recovered against him on breach of the warranty was fixed by law at the time he sold, and could not be increased by reason of contracts or liabilities subsequently incurred or paid by his vendee.

Nor is Smith liable for the attorney's fees incurred by Williams in bringing the present action. There is no charge that he knew that the title was defective when he made the sale; no allegation of fraud or deceit, or that he acted in bad faith. Civil Code, § 3796.

*Judgment reversed. All the Justices concurring.*