## PRITCHETT *v.* STUBBS *et al.*

The written contracts on which the cause of action was predicated were unambiguous; and the court erred in allowing parol evidence to explain the intention of the parties, and in charging the jury with reference to the effect of such evidence on the contracts.

August 13, 1915.

Equitable petition. Before Judge Larsen. Laurens superior court. February 9, 1914.

Mrs. Ella Tucker Stubbs died intestate, leaving as her heirs at law her husband, John M. Stubbs, and four children. She owned, at the time of her death, 35 acres of land in the city of Dublin. John M. Stubbs acquired the interest of all of his children, except. Mrs. Maude S. Pritchett. He remarried, and died in 1907 intestate, leaving as his heirs at law his widow, Mrs. V. L. Stubbs, and his children, L. Q. Stubbs, Mrs. Ethel S. Stanley, and Mrs. Maude S. Pritchett. His widow and L. Q. Stubbs qualified as administrators on his estate. On March 5, 1908, an agreement was entered into between the administrators of the estate and the heirs, wherein it was recited: "Whereas it appears that it would be to the interest of all parties concerned to allow said administrators to administer the above-described real estate, and administer the same as the estate of the said John M. Stubbs, it is hereby agreed between Mrs. V. L. Stubbs and L. Q. Stubbs as administrators of John M. Stubbs and also as heirs at law of John M. Stubbs, and Mrs. Maude S. Pritchett as heir at law of Mrs. Ella Tucker Stubbs and also as heir at law of John M. Stubbs, and Mrs. H. M. Stanley as heir at law of John M. Stubbs, that: 1st. Mrs. Maude S. Pritchett, upon conditions hereinafter specified, hereby agrees and allows the said administrators of John M. Stubbs to take charge of and administer her one-fifth interest, undivided, in the estate of said Mrs. Ella Tucker Stubbs, as above described, the same to be administered as if it was the property of the estate of John M. Stubbs. 2nd. For said one-fifth undivided interest of Mrs. Maude S. Pritchett in and to the land hereinbefore described, Mrs. V. L. Stubbs and L. Q. Stubbs, administrators of John M. Stubbs and heirs at law of John M. Stubbs, the same being approved and agreed to by Mrs. H. M. Stanley as heir at law of John M. Stubbs, hereby agrees to pay to the said Mrs. Maude S. Pritchett, independent of her interest as heir at law of John M. Stubbs, the sum of nine thou-

sand and five hundred ($9500) dollars, same to be paid out of the proceeds of the first sale of any of the property hereinbefore described, and before any other claims are paid, and continuously until the nine thousand five hundred (9500) dollars has been fully paid, and, if said sum is not fully paid by Oct. 15th, 1908, to pay said Mrs. Maude S. Pritchett from said date, Oct. 15th, 1908, until paid, interest on the amount then unpaid, at the rate of eight per cent. per annum. It is further agreed that said administrators shall not charge any commission on said sum, nine thousand five hundred (9500) dollars." Subsequently to the agreement the widow applied for a second and third year's support, and the administrators applied for leave to sell the real estate of their intestate. Caveats to both applications were interposed by Mrs. Stanley. On September 10, 1910, the parties to the first agreement entered into a second written agreement, by the terms of which the widow was to receive a certain amount as her second and third year's support, and Mrs. Stanley was to withdraw and dismiss her objections to the sale and to the allowance of the year's support; and the cost of the litigation, exclusive of attorney's fees, was to be paid as a part of the administration of the estate. The 5th paragraph of this agreement, after reciting that "the administrators having already divided the real estate of said estate which lies within the city of Dublin, into lots, and having platted the same," contained an elaborate agreement for the partition of the entire 35 acres and for the sale of some of the lots. The 8th paragraph was as follows: "The first moneys realized from the sale of property of the estate, except the sale of any one or more of the four lots mentioned above, shall be applied in discharge of the indebtedness of said administrators to Mrs. Maude S. Pritchett under certain contract to pay her nine thousand five hundred (9500) dollars principal, in settlement of her interest in the estate of her mother, Mrs. Ella Tucker Stubbs; and next to a discharge pro rata of the other indebtedness of the estate." It was stipulated in the 10th paragraph that "It is distinctly understood and agreed that from the date of this agreement that all property belonging to said estate is vested in the administrators with the right to sell at public or private sale," etc. Certain property of the estate was sold, and from the proceeds of the sale the administrators tendered to Mrs. Pritchett $9,500, as being the amount, under the second agreement,

that she was entitled to receive as the purchase-price of her interest in her mother's estate. The tender was declined on the ground that she was entitled, in addition to the sum tendered, to interest thereon at eight per cent. from October 15, 1908, according to the terms of the original agreement, wherein she consented that her interest might be administered by the administrators of her father as his estate. The suit is brought to recover the $9,500 and interest at eight per cent. from October 15, 1908. The court ruled that the 8th paragraph of the second contract was ambiguous, and allowed parol testimony to show that the parties intended that no interest was to be paid on the $9,500. It appeared that after the tender of the principal sum to the plaintiff, the defendants deposited the same in a bank. The jury returned a verdict for the plaintiff for the principal sum of $9,500, with interest at the rate received on the deposit, less the taxes. The plaintiff moved for a new trial, which was refused, and she excepted.

*Hines & Jordan* and *M. H. Blackshear,* for plaintiff.

*J. H. Hall* and *Davis & Sturgis,* for defendants.

EVANS, P. J. (After stating the foregoing facts.) The parol-evidence rule precludes inquiry into the intention of the parties to an unambiguous written instrument. The court was of the opinion that the second contract between the parties was ambiguous as to the payment of interest to Mrs. Pritchett upon the sum agreed to be paid for her share in her mother's estate. Parol evidence was allowed to show the intention of the parties, and the jury were instructed concerning its effect; and these rulings are the subject-matter of the exceptions. We do not think that the second contract is ambiguous, or discloses indication that it was intended to supersede the first. On the contrary, the second contract is both supplementary to and complementary of the first. The purpose of both contracts was to include in the administration of John M. Stubbs's estate the one-fifth share of Mrs. Pritchett, inherited from her mother. In the first contract the administrators and heirs of John M. Stubbs agreed, in consideration of Mrs. Pritchett's permitting her one-fifth share in the land which she inherited from her mother to be administered as a part of the estate of her father, John M. Stubbs, to pay to her the sum of $9,500 and interest on the whole or any part unpaid after October 15, 1908. It was by virtue of this contract that the administrators took charge of Mrs.

Pritchett's share in her mother's estate, and administered it as belonging to her father's estate. The second contract could not be a full substitute for the first, for the obvious reason that it did not purport to contain any agreement by which the estate of John M. Stubbs, or his administrators, acquired title to this undivided one-fifth interest of Mrs. Pritchett. Moreover the second contract bears internal evidence that its covenants rest upon the existence of the first. It is recited in the fifth paragraph that the administrators had made a partition of the entire thirty-five acres. This division was predicated upon the basis that the estate of John M. Stubbs owned the Dublin land as an entirety. The eighth paragraph refers to an indebtedness to Mrs. Pritchett under the first contract; that is, the obligation to pay the money issuing out of the first contract. The promise of the eighth paragraph is to pay the indebtedness arising under the first contract, which was described by stating the principal of that indebtedness. Under the plain and unambiguous contracts, Mrs. Pritchett is entitled to be paid, for her share in her mother's estate, $9,500 principal, and interest on so much of the principal as was unpaid on October 15, 1908, from that date at the rate of eight per cent. per annum. The court erred in allowing parol evidence, and in charging the jury with reference to its effect on the contracts.

*Judgment reversed. All the Justices concur.*