## 16867.  YOUNG *et al. v.* CERTAINTEED PRODUCTS CORPORATION.

1. Where personal property sold by A to B is resold by B to C, there is no implied warranty by A in favor of C.

2. In the present action by C against A for the breach of the implied warranty which obtained in the sale by A to B, the court did not err in sustaining the general demurrer and dismissing the petition.

DECIDED MAY 14, 1926.

Attachment; from city court of Bainbridge—Judge Spooner. September 30, 1925.

*Drake & Kirbo, P. D. Rich,* for plaintiffs.

*A. B. Conger,* for defendant.

BELL, J.   The plaintiffs in this case bought roofing from a local dealer.   It proved to be affected with latent defects.   They sued, not the dealer, from whom they purchased, but the dealer's vendor, the manufacturer.   The court sustained a general demurrer to the petition, and the plaintiff excepted.   We construe the petition as

---

Sales, 35 Cyc. p. 370, n. 18, 20.

an action for breach of implied warranty. Counsel for the plaintiff in error contend for a different construction, but, from the language used, we are very clear that none other is possible. In *Smith* v. *Williams,* 117 *Ga.* 782 (45 S. E. 394, 97 Am. St. R. 220), the Supreme Court said: "Where personal property is sold, and there are defects latent and concealed, and unknown to the vendee, and a subsequent purchaser is injured by reason thereof, an action for damages sounding in tort may sometimes arise against the one negligently putting the thing in circulation. Longmeid *v.* Holliday, 20 L. J. Ex. 430; Lewis *v.* Terry, 111 Cal. 39 (52 Am. St. R. 146). Compare Civil Code, §§ 3864, 3865, as to sale of unwholesome provisions and drugs. But a warranty of soundness is not negotiable (*Dukes* v. *Nelson,* 27 *Ga.* 463); and if so, there is no reason why a warranty of title in the sale of personal property should stand on any different footing. A warranty does not run with the article sold. If the title is not good, the vendee must look to him from whom he purchased, and to whom he paid the consideration. *Central R. Co.* v. *Ward,* 37 *Ga.* 531. The remedy of the subsequent purchaser is against his immediate seller, and not against the original owner." The petition failed to set forth a cause of action, and the demurrer thereto was properly sustained. See also Civil Code (1910), § 5516.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*