## ARMOUR & COMPANY *v.* MILLER.

No. 7108.   July 10, 1929.   Rehearing denied October 4, 1929.

*John R. Wilson* and *Bennet & Peacock,* for plaintiff in error. *P. D. Rich, H. G. Rawls,* and *S. B. Lippitt,* contra.

Hines, J.   This court granted the writ of certiorari to review the ruling made by the Court of Appeals, in this case, that "a particular act of negligence, alleged to have caused the injury, was set forth in the petition, and consequently the petition was not subject to demurrer on account of such deficiency." *Armour* v. *Miller,* 39 *Ga. App.* 228 (147 S. E. 184).   Miller sued Armour & Company, the manufacturer of a can of sausage, for damages resulting to him from having eaten a portion of said sausage which he purchased from a retailer, and had been made sick thereby.   In his petition he alleged that at some date unknown to him the defendant did negligently manufacture, pack, and put upon the market said can of sausage, which in due course was sold by the manufacturer to a retail merchant, with the intent and with the knowledge on the part of the manufacturer that said can of sausage would be opened by said retail merchant and retailed by him to customers for human food, that in said can of sausage was a quantity, unknown to him, of impure, tainted, poisonous, deleterious and unwholesome matter, which was negligently permitted by the manufacturer to become mixed with the other contents of the package.   Petitioner alleged that he purchased a small quantity of the sausage from the retail dealer, and almost immediately became ill from ptomaine poisoning from the eating thereof, to his injury and damage; that in the purchase of said sausage from said retailer he relied upon the legal

duty of the defendant not to impose upon the consumers of its product and the general public by packing and putting on the market an impure, tainted, deleterious, and unwholesome article of food unfit for human consumption; and that the defendant was negligent in permitting said putrid, tainted, impure, deleterious, unwholesome, and poisonous substance to become an ingredient of said product, and in putting the same on the market for sale to the public, and in allowing the same to be sold to the public. The defendant demurred to the above allegations of negligence, upon the grounds that they were mere conclusions of the pleader and without any facts alleged to sustain them, and were mere general averments of negligence, and because no particular act of negligence was alleged. It is not expressly alleged in the petition that the defendant knew, or by the exercise of ordinary care and diligence could have known, of the presence of such deleterious substance in the sausage.

The plaintiff's petition- alleged that the defendant negligently manufactured a sausage from the eating of which he was injured. Counsel for the defendant admit that this allegation would be good against a general demurrer. They properly contend that a general allegation of negligence, without stating the fact or facts on which it is based, is a mere conclusion of the pleader and is not good against a special demurrer. *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974). Their specific contention is that the allegation in paragraph 5 of the petition, "that contained in said can or package of sausage was a quantity, unknown to plaintiff, of impure, tainted, putrid, deleterious, and unwholesome matter, which was negligently permitted by said defendant to become mixed with the other contents of said package," and the further allegation contained in paragraph 11 "that defendant was negligent in permitting said putrid, tainted, impure, deleterious, unwholesome, and poisonous substance to become an ingredient of said product, and in putting the same on the market for sale to the public, knowing that the same was to be used by the public for human food, and in allowing the same to be sold to the public," do not set forth any specific act of negligence. The sole question for decision is whether the above allegations, when taken together, set up an act of negligence, and not a mere conclusion of the pleader. When a manufacturer makes and cans sausage and sells the same

to the retail trade, to be again sold to the general public, he is under a legal duty to see to it, that, in the process of making and canning, no deleterious and poisonous matter gets into the sausage. *Watson* v. *Augusta Brewing Co.*, 124 *Ga.* 121 (52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. R. 157). The plaintiff in effect alleges that there was a putrid, deleterious, unwholesome, and poisonous substance in the can of sausage which the defendant made, and that the manufacturer permitted this substance to become an ingredient of said canned product. Permitting this poisonous substance to become an ingredient of said food product was a violation of the above duty which the manufacturer owed to the public and to the plaintiff, and such violation of this duty was negligence. These allegations set forth a specific act of negligence; and the petition was not subject to special demurrer upon the ground that no specific act of negligence was set forth. It is negligence for a manufacturer to permit a putrid, deleterious, and poisonous substance to be put in a food product which he makes and cans. *Tomlinson* v. *Armour*, 75 N. J. L. 748 (70 Atl. 314, 19 L. R. A. (N. S.) 923). The case cited is practically on all fours with this case. Besides, the opinion of the Court of Appeals was rendered upon careful consideration by the learned judge who prepared it; and in our opinion it expresses the true law on the matter involved.

*Judgment affirmed. All the Justices concur.*