## 43607.   McWHIRTER MATERIAL HANDLING COMPANY, INC. et al. v. GEORGIA PAPER STOCK COMPANY, INC. et al.

PANNELL, Judge.   This is an appeal by two of the defendants in the lower court, McWhirter Material Handling Company, Inc. and Travelers Insurance Company, its surety, based on an order of the trial court on January 22, 1968, overruling their motions to dismiss for failure to state a claim and for judgment on the pleadings, and reserving any ruling on motions to strike various allegations of the plaintiff, Georgia Paper Stock Company, Inc.   A third defendant, DeKalb County, is a nominal appellee.   The action is based on the alleged breach of two contracts, one between the plaintiff and the county to supply the plaintiff with waste paper corrugated boxes picked up in garbage and trash collections, and another subsequent contract between the county and McWhirter for handling garbage and trash collections in certain areas of the county.   DeKalb County's contract with Georgia Paper Stock Company, Inc., so far as here material, is one whereby "the county . . . agrees to deliver all the waste paper cardboard corrugated boxes collected by the trucks of the sanitation department, and if possible those boxes collected by its independent contractors or agents, to the plant of the" plaintiff, for which the county was to receive certain compensation.   The county contracted with McWhirter Material Handling Company, Inc., for the collecting of garbage, etc., in a certain area of the county, and the contract required that the McWhirter Material Handling Company give a performance bond.   This performance bond was furnished by the Travelers Indemnity Company in which the county was named as owner and which bond expressly provided as follows:   "No right of action shall accrue on this bond to or for the use of any person or corporation other than the owner named herein or the heirs, executors, administrators or successors of the owner."   The contract between the county and the McWhirter Material Handling Company recited:   "Contractor is required as a condition precedent to the execution of the contract to furnish bond guarantee for performance and payment on the commercial type form.   The amount of the penal sum of such bonds shall be in penal sums of $25,000 each.

"The bond furnished by the contractor shall meet the requirements of and be acceptable to the county. The surety company shall be licensed to do business in Georgia and must be acceptable to the county." *Held:*

1. While a promisee in a contract may maintain an action on it although a stranger to the consideration (*Code* § 20-306), as well as a third person for whose benefit it is made (*Code* § 3-108, as amended by the Act of 1949, Ga. L. 1949, p. 455, adding a sentence to that section as follows: "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract"), the subcontract here and the contract of the surety do not name or refer to the plaintiff as a *promisee,* nor is the plaintiff a *contractual* beneficiary thereof. While the contract between DeKalb County and McWhirter Material Handling Company, Inc., contained the following provision: "DeKalb County and Georgia Paper Stock Company have entered into a contract whereby Georgia Paper Stock Company has agreed to buy all cardboard picked up by the county trucks or their agents. The successful low bidder [McWhirter Material Handling Company, Inc.] shall arrange with the Chief of the Sanitation Division to place containers at designated spots and to deliver such material at the designated place. All monies realized from this venture shall be divided 60% for the county and 40% for the contractor," such provision does not constitute a contract between the McWhirter Material Handling Company, Inc., and Georgia Paper Stock Company, Inc., so as to make the Georgia Paper Stock Company, Inc., a promisee, nor is it a contract for the benefit of Georgia Paper Stock Company, Inc. That the plaintiff may benefit by the performance of the subcontract does not make it a "beneficiary of a contract" (the subcontract) as contemplated under *Code* § 3-108 as amended, as the benefits provided did not originate on that contract but originated on the contract between the plaintiff and the county. There was no intent either express or implied that this additional language to the statute makes a subcontractor liable as if he were the original contractor.

If this be not a proper construction of the law then a secondary contractor, who agrees with the primary obligor to perform the obligation to the primary obligee may be sued by the primary obligee because of his default in performing the

latter contract. This would mean that any employee or agent of the primary obligor, engaged in performing the latter contract could be sued for a breach of contract, not upon the primary contract based upon theory of assumption thereof, but upon breach of the latter contract occasioned by the employee's or agent's default in performing the latter undertaking. This, we conceive, is not the intent of the law. Since the pleadings with the exhibits attached thereto show affirmatively that no claim exists in behalf of the plaintiff against the McWhirter Material Handling Company, it is our opinion that the trial court erred in refusing to grant a judgment on the pleadings in this respect.

2. Since the principal, the McWhirter Material Handling Company, is not liable, neither is its surety. Accordingly, the trial court erred in refusing to dismiss the claim against this defendant.

*Judgment reversed. Bell, P. J., Eberhardt, Quillian and Whitman, JJ., concur. Felton, C. J., Jordan, P. J., Hall and Deen, JJ., dissent.*

ARGUED MAY 8, 1968—DECIDED OCTOBER 1, 1968—REHEARING DENIED OCTOBER 31, 1968—

*Shoob, McLain & Jessee, C. James Jessee, Jr., Thomas A. Rice,* for appellants.

*Samuel L. Eplan, James A. Mackay, George P. Dillard, Herbert O. Edwards,* for appellees.

JORDAN, Presiding Judge, dissenting. 1. The majority opinion holds that the plaintiff, Georgia Paper Stock Co., Inc., is not such a beneficiary of the contract between DeKalb County and McWhirter Material Handling Co., Inc. as would allow it to maintain this suit under the provisions of *Code* § 3-108 as amended by the Act of 1949. I disagree and dissent.

The original contract between the plaintiff and DeKalb County created certain obligations on the part of the county, one of which was to deliver all corrugated boxes collected by its own trucks to the plaintiff and if possible all those boxes collected by its independent *contractors* or agents for certain stipulated prices per ton. Subsequent to this contract, the county called for bids from contractors to collect trash, including boxes, in certain areas of the county. In recognition of its

obligation to the plaintiff under the original contract, the invitation to bid contained the following paragraph:

"17. DeKalb County and Georgia Paper Stock Company have entered into a contract whereby Georgia Paper Stock Company has agreed to buy all cardboard picked up by the county trucks or their agents. The successful low bidder *shall* arrange with the Chief of the Sanitation Division to place containers at designated spots and *to deliver* such material at the designated place. All monies realized from this venture shall be divided 60% for the county and 40% for the contractor."

By its own provisions, the invitation to bid became a part of the contract between the county and the low bidder, McWhirter, and was as binding on the parties as if spelled out in the contract document itself. This paragraph 17 makes it abundantly clear that both the county and McWhirter recognized the rights of the plaintiff under the original contract and that the obligation of the county in respect thereto was assumed by McWhirter under the terms of their contract. The plaintiff therefore was *expressly* recognized as a third party beneficiary of the contract and as such clearly should be able to maintain an action for breach of contract by the subcontractor McWhirter.

Since the contract documents named the plaintiff and referred to its contract with the county, as set forth above, we cannot see the basis for the statement in the majority opinion to the effect that the contract between the county and McWhirter does not name or refer to the plaintiff and that plaintiff is not a contractual beneficiary. The reverse seems to be true, and this pierces the very basis on which the majority opinion rests.

It is clear that the second contractor, McWhirter, as a promisor under the second contract for benefits flowing to the plaintiff under the terms of the first contract incorporated in the second contract, incurs no obligation greater than the promise of the county, i.e., to cause the delivery *if possible* of those boxes which it collected, with liability limited to losses of the first contractor proximately resulting from the failure of the second contractor to deliver whatever it was reasonably possible to deliver. Giving effect to the 1949 amendment to *Code* § 3-108, and liberally construing the petition in a fav-

orable light, as is appropriate under *Code Ann.* § 81A-108 (f) supra, the allegations are sufficient to allow the first contractor to present evidence as to whether the second contractor, in performing its contract with the county, took such steps as were reasonably necessary to deliver, if *possible,* those boxes which it collected to the first contractor, as well as evidence of any losses caused by a breach of the obligation. Accordingly, we think that the petition in this respect states a claim against the second contractor and that the learned trial judge did not err in refusing to dismiss the claim against this defendant, and in refusing to grant judgment on the pleadings in this respect.

2. Whether or not the surety is excused from liability under the express provisions of the bond is not passed upon since the majority opinion releases the defendant surety on the basis of the non-liability of its principal.

I am authorized to state that Chief Judge Felton and Judges Hall and Deen concur in this dissent.