45668. WELLCRAFT MANUFACTURING, INC.
v. TROUTMAN.

BELL, Chief Judge. 1. The motion to dismiss the appeal is denied. See *Steadham v. State,* 224 Ga. 78 (1) (159 SE2d 397) and *Code Ann.* § 6-809 (b).

2. The issue presented is whether error was committed by the trial court in allowing the defendant to open a default. Defendant argues that the opening was correct because the "trial court lacked jurisdiction over the subject matter which was an equitable action against appellee." If the court did lack jurisdiction over the subject matter, the only action the trial court could take was to dismiss the case. *McDowell v. McDowell,* 194 Ga. 88, 93 (20 SE2d 602). The Civil Court of Fulton County has no equitable jurisdiction. Ga. L. 1956, pp. 3271, 3277. The superior courts have exclusive jurisdiction in equity cases. Art. VI, Sec. IV, Par. I, Georgia Constitution (*Code Ann.* § 2-3901). Whether an action is equitable is determined by its allegations and prayers. *Henderson v. Curtis,* 185 Ga. 390, 392 (195 SE 152). On appeal, whether a complaint rests in equity and is beyond the jurisdiction of the court of origin, is a matter for determination by the

Court of Appeals. *McDowell v. McDowell,* 194 Ga. 88, 93, supra. Here the plaintiff alleged that the defendants, United Homes, Inc. and Troutman, were individually and jointly indebted to it for building materials; that the defendant Troutman is the "principal executive officer" of United Homes; that defendant Troutman was indebted to the plaintiff "as a result of benefits including cash and other property received from the defendant without adequate consideration which rendered said defendant corporation insolvent"; and prayed for a money judgment against each of the defendants individually and jointly. If the judgment sought was to recover the indebtedness solely from the defendant corporation, the action would be one at law and within the jurisdiction of the trial court. However, the judgment sought was not merely against the corporation but also against one of its officers who it is alleged obtained cash and other property for an inadequate consideration which rendered defendant insolvent. Thus this allegation alleges wrongdoing by which plaintiff, a creditor, was defrauded. See *Code* § 20-307. The Supreme Court in *Regal Textile Co. v. Feil,* 189 Ga. 581 (6 SE2d 908), held in a similar situation that seeking a money judgment against defendant corporation as well as individual officers of the corporation states a cause of action in a court of equity. The *Regal* case and this are indistinguishable. Under the present allegations of the complaint, the individual defendant's liability to plaintiff cannot constitute an action at law. Any relief against the defendant Troutman must be obtained by the application of equitable principles in a court of equity. The Civil Court of Fulton County had no jurisdiction, and all proceedings in the case are void. The judgment is reversed with direction to the trial court that the action be dismissed.

*Judgment reversed with direction. Quillian and Whitman, JJ., concur.*

ARGUED SEPTEMBER 9, 1970—DECIDED FEBRUARY 12, 1971.

*Johnson, Harper, Daniel & Ward, James R. Harper,* for appellant.

*Julian E. Gortatowsky,* for appellee.