### 47351. CLARKE v. FANNING et al.

DEEN, Judge. 1. Following a collision in which the plaintiff Fanning was injured by an automobile owned by the appellant Roland Clarke and driven by his son Leon, the

parties executed the following release: "This contract entered into this 29th day of January, 1969, between Rowland Clark, Leon Clark and Jean Scherrer for the purpose of settling a claim by our client, Jean Scherrer, against Rowland Clark for damage which she sustained in an automobile collision in which Leon Clark collided with her automobile. In consideration of the payment of $2,500 to be paid $25 per week until the total sum is paid, Jean Scherrer agrees that she will release Leon Clark from any further liability, and Leon Clark agrees that he will pay said $25 a week promptly at the office of Allgood & Childs, Attorneys at Law, 615 Telfair Building, Augusta, Georgia. /s/ Roland L. Clarke. Leon Clarke. Jean Scherrer."

Since Jean Scherrer agrees by the foregoing contract that its purpose is to settle her claim against Roland Clarke, and since both parties are signatories, it must be assumed that upon payment of the consideration stated therein such a claim will have been legally satisfied. And since, upon payment of the same consideration, she agrees that she will release Leon Clarke from further liability, that claim will be extinguished by payment. Leon Clarke, a signatory, binds himself to pay the consideration of $2,500, an act inuring both to the benefit of himself and the promisee Roland Clarke. *Code* § 20-306; *Lee v. Exchange Nat. Bank of Fitzgerald,* 31 Ga. App. 470 (3) (120 SE 694); *Potts v. Levin,* 113 Ga. App. 4, 9 (147 SE2d 1). Roland Clarke, therefore, is a third-party beneficiary insofar as the payment of consideration is concerned. See *Code Ann.* § 3-108. Under the plain and unambiguous terms of the instrument, Leon Clarke is the sole promisor.

2. "The admissibility of evidence on motion for summary judgment, whether contained in affidavits, depositions, interrogatories, or otherwise, is subject to the rules relating to the admissibility of evidence generally, so that evidence inadmissible on a hearing of the case would generally be inadmissible on motion for summary judg-

ment." *Matthews v. Wilson,* 119 Ga. App. 708 (168 SE2d 864). "In the absence of proper pleadings asking for a reformation of a written contract, parol evidence is inadmissible to show that the contract does not set forth the real undertaking entered into by the parties." *Wellmaker v. Wheatley,* 123 Ga. 201 (3) (51 SE 436). Where, as here, the contract clearly and unambiguously binds only Leon Clarke to the payment of the weekly instalments, and the contract is in evidence, no reformation is sought, and it is not urged that it was executed as the result of fraud, accident, or mistake, the statement in the affidavit of the plaintiff to the effect that "it was the expressed intention of all parties when entering into said settlement agreement of January 29, 1969, that Roland Clarke was to be bound under said agreement along with Leon Clarke to make to plaintiff the payments of $25 per week" is a mere conclusion and inadmissible under *Code* § 38-501. Where an action is brought upon an unambiguous contract, parol evidence may not be introduced to explain the intention of the parties in entering into the agreement. *Pritchett v. Stubbs,* 143 Ga. 802 (85 SE 1000).

3. It follows that where, after default, the plaintiff recognized the validity of the contract and sued for the unpaid balance, her action should have been against the promisor Leon Clarke alone. It was error to deny the appellant's motion for summary judgment and grant that of the appellee as to Roland Clarke.

*Judgment reversed. Eberhardt, P. J., and Clark, J., concur.*
SUBMITTED SEPTEMBER 13, 1971—DECIDED SEPTEMBER 22, 1972.

*George W. Fryhofer,* for appellant.
*Carl J. Surrett, Percy J. Blount,* for appellees.