## 47120.   CHAFFIN v. ATLANTA COCA COLA BOTTLING COMPANY et al.

BELL, Chief Judge. This is a products liability action arising out of the purchase and consumption of an allegedly unwholesome bottle of Coca Cola against Atlanta Coca Cola Bottling Company and Big Apple Supermarket. The plaintiff alleged both negligence and breach of implied warranty in her complaint. The trial court's charge to the jury limited the basis of recovery by plaintiff to the issue of negligence only completely eliminating any recovery on the claimed breach of implied warranty. The jury returned a verdict for defendants and judgment was entered accordingly. The failure to charge the jury on the issue of breach of warranty and other instructions is enumerated as error.

The pertinent facts are simple. Plaintiff's minor daughter, while shopping with plaintiff in the supermarket, purchased bottles of Coca Cola from a Big Apple vending machine. Big Apple had purchased the drink from the bottling company. The child opened the bottles and gave one to plaintiff. According to the plaintiff's testimony a soapy-like substance was in the bottle of Coca Cola that she consumed, which caused her injury. *Held:*

1. Defendant Coca Cola urges that no implied warranty extended from it to plaintiff as there was no privity of contract between it and plaintiff or plaintiff's daughter. We agree. Under the Uniform Commercial Code a warranty "that the goods shall be merchantable is implied in a contract for their sale . . ." As this warranty clearly arises out of a contract of sale of goods, it can only run to a buyer who is in privity of contract with the seller. *Code Ann* § 109A-2—316. There is an absence of any privity of contract between the buyer and the defendant Coca Cola, a manufacturer and remote seller. Under the Act of March 13, 1957, an implied warranty by the manufacturer was extended to an ultimate consumer. No privity of contract was required between the manufac-

turer and the ultimate consumer. However, this Act was specifically repealed by the Uniform Commercial Code. *Code Ann.* § 109A-10—103. The repeal of the 1957 statute means that an ultimate buyer in Georgia cannot sue the manufacturer directly on a breach of implied warranty where the buyer does not purchase directly from the manufacturer. There is once again a gap in the law between the manufacturer and a buyer who purchases from a wholesaler or retailer in the distributive chain. See *Young v. Certainteed Products Corp.,* 35 Ga. App. 419 (133 SE 279); *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 784 (62 SE2d 198). The same conclusion is not true as regards defendant Big Apple for there was a contract of sale and privity between it and the buyer, plaintiff's daughter. UCC § 2-318 extends Big Apple's implied warranty of merchantability made to the buyer to "any natural person who is in the family or household of his buyer." *Code Ann.* § 109A-2—318. Plaintiff manifestly comes within the statute and it is plain under this statute that the lack of privity between Big Apple and plaintiff is not material. However, Coca Cola's warranty cannot extend to plaintiff under this provision due to the lack of privity between the buyer and seller. Big Apple also argues that notwithstanding the above, plaintiff cannot claim the remedy of breach of implied warranty because of its failure to give notice of the breach as required by UCC § 2-607 (3) (a). *Code Ann.* § 109A-2—607 (3) (a). The latter provides that "(3) where a tender has been accepted (a) the *buyer* must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy." These notice provisions of the breach cannot apply to plaintiff, a third-party beneficiary, under UCC § 2-318, for as to the third party there has been no tender of the goods by the seller Big Apple and no acceptance by plaintiff. She had nothing to do with the acceptance as she was not the buyer. Tomczuk v. Town of Cheshire, 26 Conn. Sup. 219 (217 A2d 71).

The trial court erred in failing to charge the jury on the issue of implied warranty as against defendant Big Apple, but there was no error as regards the defendant Coca Cola. That the error was harmful is apparent as plaintiff was denied the right to have this issue decided by the jury. For this reason we affirm as to Coca Cola and reverse as to Big Apple.

2. Exception was taken to the charge dealing with the duty of a plaintiff to exercise ordinary care for her own safety under *Code* § 105-603. Recognizing that plaintiff has attempted to recover from defendants both on theories of negligence and breach of warranty, this charge was correct as there was some evidence that made it applicable, for plaintiff testified that prior to taking a drink of the Coca Cola she noticed that it was "slick and soapy."

3. The plaintiff enumerated as error the trial court's charge that the plaintiff must prove by a preponderance of the evidence that the product was in the same condition from the time it left the defendant Coca Cola's hands until the time of consumption. This charge was correctly adjusted to the evidence as there was a showing that numerous other individuals had access to the Coca Cola in question from the time it left the bottling plant until it reached plaintiff's hands. *Macon Coca Cola Bottling Co. v. Chancey,* 216 Ga. 61 (114 SE2d 517); *Dr. Pepper Bottling Co. v. Harris,* 112 Ga. App. 360 (145 SE2d 288).

*Judgment affirmed in part; reversed in part. Stolz, J., concurs. Evans, J. concurs in the judgment only.*

ARGUED APRIL 4, 1972—DECIDED NOVEMBER 9, 1972—
REHEARING DENIED NOVEMBER 27, 1972—

*Peek, Whaley & Haldi, Glenville Haldi,* for appellant.
*Hurt, Hill & Richardson, T. Cullen Gilliland, W. Seaborn Jones, Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, George Williams,* for appellees.