48839. STEWART v. GAINESVILLE GLASS COMPANY, INC. et al.

ARGUED JANUARY 10, 1974 — DECIDED APRIL 12, 1974 —
REHEARING DENIED MAY 9, 1974 —

*Telford, Stewart & Stephens, Charles W. Stephens, John E. Girardeau,* for appellant.

*Whelchel, Dunlap & Gignilliat, George L. Simpson, III,* for appellees.

EBERHARDT, Presiding Judge.

While we agree that the result sought by appellant is a very desirable one and that it is compatible with general commercial practices extant in this country, yet

we have been unable to square it with the law as heretofore decided and by which we are bound.

Prior to 1957 when the Manufacturer's Liability statute was adopted (Ga. L. 1957, p. 405), there could be no tort liability against the manufacturer of an item beyond the first purchaser or consumer. An exception appeared when sealed packages were sold first to a wholesaler and then to a retailer before it reached the consumer in the channels of trade, the courts having considered that the wholesaler or retailer was but a conduit from the manufacturer to the consumer. *Armour & Co. v. Miller,* 169 Ga. 201 (149 SE 698). The same was true as to items which were, by their nature, inherently dangerous. *Blood Balm Co. v. Cooper,* 83 Ga. 457 (10 SE 118); *Watson v. Augusta Brewing Co.,* 124 Ga. 121 (52 SE 152).

The Act of 1957 provided for an implied warranty of fitness from the manufacturer to the purchaser and to members of the purchaser's household or his guests, who might reasonably be expected to use the goods and who might suffer harm from an ordinary use of them. But that statute was expressly repealed by the adoption of the Uniform Commercial Code in 1962. Code Ann. § 109A-10—103.

Tort liability against the manufacturer of a defective item sold as new property, was provided irrespective of privity, to any person who might use or consume the property and be adversely affected by Ga. L. 1968, p. 1166 (Code Ann. § 105-106).

But the law as to liability under a warranty still requires privity.

We have recently held that liability does not go beyond the first user or purchaser where there is reliance upon an implied warranty and that another cannot recover thereon because of a lack of privity. *Chafin v. Atlanta Coca-Cola Bottling Co.,* 127 Ga. App. 619 (1) (194 SE2d 513); *Verddier v. Neal Blum Co.,* 123 Ga. App. 321 (196 SE2d 469); *Evershine Products, Inc. v. Schmitt,* 130 Ga. App. 34 (202 SE2d 228).

This was in keeping with prior holdings relative to implied warranties of fitness in *Dukes v. Nelson,* 27 Ga. 457, 463, and in *Van Winkle & Co. v. Wilkins,* 81 Ga. 93,

105 (7 SE 644), where it was asserted that "Such covenant or warranty would not pass with the machinery to the corporation or second purchaser, so as to shift the right of action to the new party. No principle is in sight which would either divest the first purchasers of their right of defense as against the purchase money, or invest the new party with any right whatever as against the manufacturers or first vendors." Further, "In a sale of personal property the warranty is not negotiable or assignable, and does not run with the article sold." *Smith v. Williams,* 117 Ga. 782 (1) (45 SE 394). Any cases from this court which may conflict with these Supreme Court cases must yield.

Here we deal with an *express* warranty, rather than an implied warranty, and it would appear that the privity requirement applies with even more force. See *Broughton v. Badgett,* 1 Ga. 75. The implied warranty is raised by statute, while the express warranty is by contract. *Elgin Jewelry Co. v. Estes & Dozier,* 122 Ga. 807 (1) (50 SE 939). The express warranty is a representation or statement made by the seller at the time of the sale and as a part thereof, having reference to the quality, character, or title to the goods, and of course is a part of the transaction between the seller and the purchaser.

It has long been the law of this state that an action on a contract must be brought in the name of the party in whom the legal interest in the contract vests. Code Ann. § 3-108. Even a third-party beneficiary could not sue on it until this section was amended in 1949 to provide that "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract." Since the Supreme Court has already held that a warranty of personalty does not run with the chattel and does not pass to the second or subsequent purchasers, we can not see how plaintiff here can qualify as a third-party beneficiary. The mere fact that he would benefit by a performance of the warranty does not make him a third-party beneficiary. *McWhirter Material Handling Co. v. Georgia Paper Stock Co.,* 118 Ga. App. 582 (164 SE2d 852). It must clearly appear from the contract that it was intended for the plaintiff's benefit, as, for example, in a trust or an insurance policy. Cf.

*Clarke v. Fanning,* 127 Ga. App. 86 (1) (192 SE2d 565). A third-party beneficiary contract is one in which the promisor engages to the promisee to render some performance to a third person. Slate v. Boone County Abstract Co. (Mo.) 432 SW2d 305, 307. It must appear that both parties to the contract intended that a third person should be the beneficiary. Spires v. Hanover Fire Ins. Co., 364 Pa. 52 (70 A2d 828).

It may well be time that some change in our law should come relative to manufacturers' warranties. The Supreme Court, by whose decisions we are bound could declare a new policy, or the General Assembly could do so and thus make warranties of the kind here involved apply to any purchaser or user of the chattel within the designated warranty period. We do not have that power.

Since there is clearly no privity here, the judgment is affirmed.

*Judgment affirmed. Pannell, J., concurs. Evans, J., concurs specially.*

EVANS, Judge, concurring specially.

I concur in the majority opinion most reluctantly. "There ought to be a law" that would protect the ultimate consumer against the manufacturer of products where same are defective. But alack and alas! In the State of Georgia, unless there is privity between the parties (which in terms of the law means unless the ultimate consumer actually bought the products from the manufacturer) there is no liability under an express warranty or under an implied warranty. To make it very plain, if John Jones purchases goods from a hardware store, and the goods are completely worthless, he cannot go back on the manufacturer, *simply because he did not purchase directly from the manufacturer.* If some middleman sells the product to the purchaser, as is almost always the case, then the purchaser may as well forget express warranty or implied warranty by the manufacturer, because of a lack of privity. Judge Pannell makes this quite clear in the case of *Evershine Products, Inc. v. Schmitt,* 130 Ga. App. 34, 35, 36 (202 SE2d 228), but points out that warranty to a purchaser includes the members of his household or family and guests in his

home. Code Ann. § 109A-2—318.

Code Ann. § 105-106, at first blush, appears to give rise to a cause of action, but in *Evershine* Judge Pannell, at page 37, shows that such a suit is not based on negligence of the manufacturer, but because the manufactured product is not merchantable, and that as this would be a suit under an implied warranty, it is barred.

In *Chafin v. Atlanta Coca Cola Bottling Co.,* 127 Ga. App. 619, at 620 (194 SE2d 513), Judge Bell comments on the fact that the ultimate buyer cannot sue the manufacturer directly on implied warranty, unless the purchase was made directly by the purchaser from the manufacturer.

Thus, the party who finally comes into possession of inferior products, unless he purchased directly from the manufacturer, is without a remedy.