## GOLDEN STAR OF HONOR v. WORRELL.

HILL, J.  1.  The general rule is that if a benevolent association confines itself to the powers vested in it, and acts in good faith under by-laws adopted by it, and does not violate the laws of the land or any pecuniary or property right of the member of the association, the courts have no authority to interfere with the society by directing or controlling it as to questions of internal policy, but will leave the society free to carry out any lawful purpose in accordance with its rules and regulations.  7 C. J. 1116, § 80; 19 R. C. L. 1225, § 37.

2.  Under the allegations of the petition in this case the plaintiff "was illegally deposed and denied the privilege and opportunity of discharging the duties of the office of said supreme grand secretary, at which time, in the grand lodge meeting assembled at Columbus, Georgia, the said office was declared vacant on motion, contrary to the constitution, charter, by-laws and regulations of said corporation;" and consequently the petition itself shows that he was illegally deprived of his office, and that the action of the society on July 28, 1921, in depriving him of his office without complying with the requirements of the constitution, by-laws, etc., as to notice for a hearing, was void, and did not have the effect of removing the plaintiff from his office.  It follows that the court did not err in refusing to dismiss the case upon demurrer.

(a)  Under the evidence submitted upon the hearing of the case, it appearing that when the petitioner was first suspended the proceedings under which it was sought to suspend him were void because of a failure on the part of the association to comply with the requirements of the constitution and by-laws as to notice for a hearing of one who is accused of misconduct, that hearing did not have the effect of removing the petitioner from the office of secretary, being nugatory.  But at a subsequent hearing the requirements of the association as to notice were substantially complied with; and having been so complied with, under the principle ruled in the first headnote the courts will not interfere with the society by directing or controlling it, it having acted within the rules and by-laws thereof in expelling the petitioner, who was a member of the association; but from the time of the suspension until the time of the second hearing, under which trial, according to the constitution and by-laws, he was regularly expelled, the petitioner was, as a matter of fact, the secretary of the order, and entitled to the salary for that period, and for that amount the court properly directed a verdict.

3.  The court did not err in refusing a new trial.

*Judgment affirmed.  All the Justices concur.*

No. 3906.  MAY 14, 1924.

Equitable petition.  Before Judge Munro.  Muscogee superior court.  July 21, 1923.

J. H. Worrell brought an equitable petition against Golden Star of Honor, an incorporated benevolent association, and prayed for injunction, for restoration to the office of supreme grand secretary, from which he had been expelled, and "that all property belong-

ing to the officer in charge of said office be returned and surrendered to said petitioner with all its regular perquisites;" that the person appointed to succeed the plaintiff be restrained from further discharging the duties of the office of supreme grand secretary of the grand lodge; and "that such other and further relief be granted as the facts and circumstances may warrant and require." The defendant filed its answer averring that the plaintiff was legally removed as supreme grand secretary of the supreme grand lodge under the constitution and by-laws of the order, and that it was therefore not indebted to the plaintiff for the salary of the office accruing after his removal therefrom, nor was he entitled to the injunctive relief prayed for. General and special demurrers to the plaintiff's petition were filed. The petition was amended to meet the special demurrers; and the defendant renewed its demurrers to the petition as amended. The court overruled the demurrers, to which ruling exceptions pendente lite were filed. Upon the trial of the case the defendant offered certain amendments to its answer, which the court below refused to allow, and the defendant filed exceptions pendente lite. Upon the conclusion of the evidence the court directed a verdict in favor of the plaintiff for the sum of $70 and interest. The defendant filed its motion for a new trial, which was overruled, and it excepted.

*Hatcher & Hatcher,* for plaintiff in error. *J. B. Hoyl,* contra.