## 57918. KAUFMAN v. ATLANTA LAWN TENNIS ASSOCIATION, INC.

ARGUED MAY 29, 1979 — DECIDED JUNE 13, 1979.

*Peek & Whaley, James G. Peek,* for appellant.
*Parker, Johnson & Cook, G. Ronald Johnson, Kirk W. Watkins, G. William Long, III,* for appellee.

DEEN, Chief Judge.

Briefly, the appellant and another member of a local tennis club were engaged in a tennis match. There is some indication that they knew one another of old. The appellant indicated he felt his opponent was calling balls out when they were actually in. The opponent suggested new balls, which appellant refused under specified rules, regulations, conventions and traditions of this ancient and respected game. One word led to another. The air seems to have been green with accusations, the last of appellant's witty rejoinders being "Eat me," although it is not obvious whether he was referring to an experience of Alice in Wonderland or (as contended by appellee) to certain perversions of sexual origin. The opponent asked him to repeat, and eventually invaded the appellant's side of the court. Fisticuffs ensued. No particular damage was done and spectators separated the heroic protagonists.

The appellant then, as he stated, requested a hearing on the incident and "was adamant about my request with regard to the meeting being held before the next match." A hearing was in fact eventually held before the board of directors; both fearless jousters were temporarily suspended from the courts, and the indignant member severed his connections with the club and filed this action for damages. Asked on deposition why he thought he was suspended he said that there was a vague reference to improper conduct, adding that "neither the ALTA nor the STA has any rule about improper conduct."

(a) The trial judge in granting the motion summarily disposed of a suit which finds little support for existing in the courts. No case was made for "wrongful suspension from membership privileges and benefits," which, as pointed out in the annotation, "Suspension or expulsion from social club," etc., 20 ALR2d 344, 348, "may have taken the place of the then obsolescent duel as a

means of disciplining club members." It was early held that it takes a very strong case to induce a court to interfere with the expulsion proceedings of such a club. (Id., p. 350). The brief of the appellant seems to urge inadequacies and illegal activities on the part of the board of directors in holding the meeting without observing certain requirements as to notice, etc. However, it was the appellant who requested the hearing, and he failed to raise any questions as to the manner of conducting it until this action was filed. There seem to exist no corporate by-laws regulating such events, and the appellant fails to point out any area in which he was unfairly treated; he must therefore be held to have waived objections to the manner of holding the board of directors' meeting. Objections not raised at the first opportunity are deemed to have been abandoned. *Taylor v. Taylor,* 195 Ga. 711, 721 (25 SE2d 506) (1943).

(b) Secondly, the appellant contends his reputation has been besmirched. When questioned closely on deposition as to who might have been told of the action of the board of directors he named one person on the board who had told his wife. On the issue of damages he stated that he was no longer invited to engage in competitive matches. He establishes no loss of income from this fact, nor does he claim to play tennis other than for recreation. Under Code § 105-702 slander may consist in falsely and maliciously imputing to another a crime, charging him with having some contagious disorder, ascribing to him guilt of some debasing act which may exclude him from society (in all of which general damages may be forthcoming) or making charges against him calculated to injure him in his trade, office or profession, in which case special damages must be proved. The defendant claims he was charged with an assault, but he admits both a verbal assault and a physical exchange of blows. We do not judicially know whether this conduct would tend to exclude him from the society of contestants in tennis matches, but if so the appellant cannot complain since he admits the fracas occurred. We must accordingly conclude that no action for slander requiring jury determination was presented.

*Judgment affirmed. Birdsong and Carley, JJ.,*

*concur in the judgment only. Shulman, J., not participating.*