65297. BARTLEY v. AUGUSTA COUNTRY CLUB, INC. et al.

SHULMAN, Chief Judge.

This appeal arises from the trial court's award of summary judgment in favor of appellees in this action brought by the aggrieved wife of a former member of appellee Augusta Country Club, Inc. ("Club"), a non-profit corporation. In addition to the Club, appellant sued the manager (Kendall) and an employee (Anderson) of the Club. Appellant's complaint arises from her six-month suspension from the use of club facilities for conduct "endangering the good order, welfare or character of the club." The conduct giving rise to the suspension involved a confrontation between appellant and Anderson, during which appellant allegedly made derogatory comments about Anderson. Subsequent to the filing of this action, appellant's husband was expelled from the Club, which expulsion is the subject of another suit.

Appellant seeks special, general, and punitive damages totalling $1,000,000, arising from the alleged impairment of "vested property" and constitutional rights as a result of her suspension and her husband's subsequent expulsion. She also alleges that the action taken by the Club was contrary to its by-laws.

1. Appellant has no "vested property rights" in the Club. It is

clear from the record that she was not a member of the Club but merely had the privilege to use club facilities as the spouse of a "senior resident member." The action taken by the Club in suspending appellant was an action taken against her husband's membership to the extent that it reduced the benefits and privileges normally incident thereto. Irrespective of any property rights her husband may have or may have had in the Club (see Code Ann. § 22-2501 (b) (OCGA § 14-3-80(b)), appellant has never been a member of the Club, as defined by its by-laws (see Code Ann. § 22-2102 (f) (OCGA § 14-3-2 (8)), and could not have obtained any property rights in its assets.

2. The bulk of appellant's claims appear to be based on numerous alleged ways in which the Club's action in suspending her violated her constitutional rights. However, disciplinary actions taken by a private, social club against its members are not matters of constitutional law. Appellant's rights, if any, are governed by the by-laws, which constitute the agreement between the corporation and its members. *Hornady v. Goodman,* 167 Ga. 555, 572 (146 SE 173); *Tuttle v. Walton,* 1 Ga. 43, 48-49.

3. The trial court erred, however, in awarding the Club summary judgment. The record in its present state does not eliminate every genuine issue of material fact (Code Ann. § 81A-156) (OCGA § 9-11-56) concerning the propriety of the Club's action in suspending appellant in view of the provisions of the by-laws dealing with expulsion. Article IX, Section 1, of the by-laws permits the Board of Governors of the Club to suspend "a *member*" of the Club "[i]n the event of an infraction of any By-Law or Rule of the Club, or of any conduct on the part of a member which may tend to endanger the good order, welfare or character of the Club . . ." However, as noted above, appellant was not a member of the Club, nor is the term "member" defined in the by-laws so as to be inclusive of appellant. Consequently, the suspension and expulsion provisions contained in the by-laws do not authorize the action taken against appellant, although Article IX was the express basis for the Board's action against her.

This is not to say that the Board's action was not authorized by the by-laws. Article II, Section 4, provides that "[t]he Board shall have the power . . . to make and amend rules; receive and adjust complaints . . . [and] shall have the power to fix penalties for the violation of by-laws, rules and regulations and shall also have the power to remit penalties for such violations." Although the penalty imposed was a matter within the Board's discretion and the record to date contains no evidence of bad faith on the part of the Board, it is not clear which by-law, rule, or regulation, if any, appellant violated

so as to justify her suspension. Thus, we cannot hold that the Board's action was authorized as a matter of law.

4. We agree with appellees' position that judicial inquiry into the suspension or expulsion of a member of an incorporated, private, social club is limited to a determination of whether the club has acted "'in good faith under the by-laws adopted by it.'" *Smooth Ashlar Grand Lodge v. Odom,* 136 Ga. App. 812, 814 (222 SE2d 614). We also agree that the courts should not interfere with a club's authorized, good faith exercise of discretion in disciplining members. However, the evidence contained in the record does not establish that the action taken by the Club against appellant was authorized. Consequently, the trial court erred in granting the Club's motion for summary judgment.

5. We agree that the trial court properly awarded summary judgment to Kendall and Anderson. As noted above, appellant's only legitimate claim in this action is based on the *Club's* actions in suspending her privileges and expelling her husband. She has set forth no claim against either employee of the Club. Accordingly, the trial court did not err in granting summary judgment to Kendall and Anderson.

6. Appellees have relied heavily on *Kaufman v. Atlanta &c. Tennis Assn.,* 150 Ga. App. 315 (257 SE2d 383), particularly in support of their argument that appellant waived any objections to the procedures employed by the Club in effecting her suspension by failing to assert those objections at the time of her hearing before the Board. However, two judges participating in *Kaufman* concurred in judgment only, thus eliminating any precedential value of the case. Rule 35 (b) of the Rules of the Court of Appeals (Code Ann. § 24-3635).

7. In view of our disposition of this appeal, appellees' threshold argument, that appellant's procedural objections to the Club's proceedings against her have been waived, is moot. As noted, appellant's due process and equal protection arguments are wholly meritless.

8. We intimate no opinion on appellant's standing to bring this action. The Club has not questioned appellant's alleged status as a third-party beneficiary of the contract between her husband and the Club. See Code Ann. § 3-108 (b) (OCGA § 9-2-20 (b)).

9. Nor do we intimate any opinion concerning the propriety of the Club's expulsion of appellant's husband. Although the expulsion is a portion of the alleged basis of appellant's claim, the validity of that action has been largely ignored by the parties and the trial court in their consideration of appellees' motion for summary judgment.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 9, 1983 —
REHEARINGS DENIED MARCH 29, 1983 — 

*W. Barry Williams,* for appellant.
*Wyck A. Knox, Jr., W. M. Fulcher,* for appellees.