### 68338. BARTLEY v. AUGUSTA COUNTRY CLUB, INC.
(322 SE2d 749)

QUILLIAN, Presiding Judge.

Appeal was taken from the grant of defendant's motion for summary judgment. For the background facts of this case see *Bartley v. Augusta Country Club*, 166 Ga. App. 1 (303 SE2d 129) wherein this court affirmed in part and reversed in part the lower court judgment awarding summary judgment to the defendants.

In our former decision with regard to plaintiff's attempt to recover for alleged impairment of "vested property" rights, we held: "Appellant has no 'vested property rights' in the Club. It is clear from the record that she was not a member of the Club but merely had the privilege to use club facilities as the spouse of a 'senior resident member.' The action taken by the Club in suspending appellant was an action taken against her husband's membership to the extent that it reduced the benefits and privileges normally incident thereto. Irrespective of any property rights her husband may have or may have had in the Club (see Code Ann. § 22-2501 (b) (OCGA § 14-3-80 (b))), appellant has never been a member of the Club, as defined by its by-laws (see Code Ann. § 22-2102 (f) (OCGA § 14-3-2 (8))), and could not have obtained any property rights in its assets." *Bartley v. Augusta Country Club*, 166 Ga. App. 1 (1), supra.

We also pointed out therein: "We intimate no opinion on appellant's standing to bring this action. The Club has not questioned appellant's alleged status as a third-party beneficiary of the contract between her husband and the Club. See Code Ann. § 3-108 (b) (OCGA § 9-2-20 (b))." *Bartley v. Augusta Country Club*, 166 Ga. App. 1 (8), supra.

After the cause was returned to the trial court the defendant amended its answer to set out: "Plaintiff lacks standing to bring this action." *Held*:

With regard to third-party beneficiaries the rule is well established: "In order for a third party to have standing to enforce a contract under Code Ann. § 3-108 [now OCGA § 9-2-20 (b)] it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient." *Backus v. Chilivis*, 236 Ga. 500, 502 (224 SE2d 370). Accord *Miree v. United States*, 242 Ga. 126, 135 (249 SE2d 573); *McWhirter &c. Co. v. Ga. Paper Stock Co.*, 118 Ga. App. 582, 583 (1) (164 SE2d 852); *Stewart v. Gainesville Glass*, 131 Ga. App. 747, 752 (206 SE2d 857).

Here it is clear the plaintiff did receive some incidental benefits from the contract between the Club and her husband (who was a member as defined under the by-laws). However, our prior decision made it clear she had no property rights and thus could not be a third-party beneficiary within the meaning of OCGA § 9-2-20 (b). In short, the contract was not intended for her benefit. Thus, she could not maintain this action as she lacked standing to do so.

The trial judge properly granted judgment to the defendant.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 13, 1984 —
REHEARING DENIED SEPTEMBER 28, 1984 ▮▮▮▮▮▮▮▮▮

*W. Barry Williams*, for appellant.
*Wyck A. Knox, Jr., W. M. Fulcher*, for appellee.