41757. BARTLEY v. AUGUSTA COUNTRY CLUB, INC.
(326 SE2d 442)

MARSHALL, Presiding Justice.

The plaintiff-appellant appeals from the trial court's award of summary judgment in favor of the defendant-appellee incorporated, private, nonprofit social club, in the appellant former member's action to enjoin the club from prohibiting him from being a member of the club after the club had expelled him from membership pursuant to its bylaws for conduct "endangering the good order, welfare or character of the club."

The showing on the motion for summary judgment was that the conduct in question consisted of assisting his wife to sue the club, thereby putting its reputation and financial resources in jeopardy (see *Bartley v. Augusta Country Club,* 166 Ga. App. 1 (303 SE2d 129) (1983)); assisting his wife in preparing and distributing a letter derogatory of the club's actions; causing disruption within the club's membership by actively advocating his wife's lawsuit; making continuous complaints about the operation of the club; and becoming involved in a locker-room fracas regarding those complaints. *Held:*

1. Some of the appellant's claims are based on various alleged ways in which the club's action in expelling him violated his constitutional rights. "However, disciplinary actions taken by a private, social club against its members are not matters of constitutional law. Appellant's rights, if any, are governed by the by-laws, which constitute the agreement between the corporation and its members. *Hornady v. Goodman,* 167 Ga. 555, 572 (146 SE 173) [1928]; *Tuttle v. Walton,* 1 Ga. 43, 48-49 [1846]." *Bartley v. Augusta Country Club,* 166 Ga. App. 1, supra, (2). "[J]udicial inquiry into the suspension or expulsion of a member of an incorporated, private, social club is limited to a determination of whether the club has acted ' "in good faith under the by-laws adopted by it." ' *Smooth Ashlar Grand Lodge v. Odom,* 136 Ga.

App. 812, 814 (222 SE2d 614) [1975] . . . [T]he courts should not interfere with a club's authorized, good[-]faith exercise of discretion in disciplining members." *Bartley,* supra, (4). The appellant was afforded the process provided for in the by-laws, i.e., ten-days' notice and a hearing. There is no evidence that the club's action in expelling the appellant was not in good faith, nor that it was not authorized within the club's discretion under the by-law permitting expulsion for conduct "endangering the good order, welfare or character of the club."

2. "Unless the articles of incorporation or the bylaws grant property rights in the assets of the [nonprofit] corporation to expelled members, expelled members shall have no right to any part of such assets." OCGA § 14-3-80 (b). Neither the articles of incorporation nor the bylaws of the appellee corporation grant property rights in the assets of the corporation to expelled members.

*Waring v. Ga. Medical Society,* 38 Ga. 608 (1869), cited by the appellant, involved a dispute over a physician's membership in a state-chartered medical society. Although the court designated the society as "a private civil corporation," as is the appellee here, and held that the corporators had a "property in the franchise," of which they could not be deprived without due process of law, it was alleged there that membership in the society was important to the physician's practice of his profession, and that the association played a significant role in the individual's trade or profession. It was also made clear that the medical society was organized not for private benefit, as is a social club such as the appellee here, but for the public purpose of " 'lessening the fatality induced by climate and incidental causes, and improving the science of medicine.' " Id. at p. 628. Accordingly, the court found it appropriate to inquire into the sufficiency of the physician's conduct to warrant expulsion.

The trial court did not err in granting summary judgment in favor of the appellee.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 19, 1985 —
REHEARING DENIED MARCH 14, 1985.

*W. Barry Williams,* for appellant.
*Wyckliffe A. Knox, Jr., Raymond G. Chadwick, Jr., W. M. Fulcher,* for appellee.