ROY NOBLE LEE, Chief Justice, for the Court:
Nicholas S. Evanish and Myrna G. Evanish, his wife, brought suit in the Circuit Court of Harrison County, Mississippi, against Experimental Air Craft Association, Chapter 479, Inc., a Mississippi nonprofit corporation, for damages, claiming that the chapter had improperly expelled them from membership. The Association moved for a summary judgment on the ground that the Evanishes had no legal remedy, since the Association had terminated their membership in strict accordance with the bylaws of the Association. The motion was granted, and the Evanishes have appealed to this Court, assigning three (3) errors in the proceedings below.

Facts

In 1981, the Experimental Aircraft Association, Chapter 479, entered into a five-year lease for an airstrip with Walter Wormeley and Delia Wormeley, lessors. The lease was to expire on March 1, 1986, but contained an option to renew for an additional five-year term. The land on *8 which the leased parcel was located was conveyed to club member W.G. Berry and Imogene Berry, his wife, by the Wormeleys on July 22, 1985. Berry gave notice that the hangar area then occupied by Nicholas Evanish was not to be included in any future lease negotiations. Apparently, friction between Berry and Evanish resulted from such notice.
Later, the president of the Association (Watts) telephoned Evanish and requested him to resign from the club and remove his airplane from the fields. Words followed, and friction resulted between them from that conversation. Suffice it to say, meetings were held by the Association and, at the second meeting, a valid motion was made to expel the Evanishes from membership in the Association and the vote was by secret ballot of the members present. A majority of the members voted for the expulsion. That action was in accordance with the bylaws of the Association.
The appellants, Evanishes, filed suit against the Association charging that the Association breached its membership contract and failed to use due process in its attempts to oust them from membership and that they were caused to suffer damages and injuries, e.g., mental anguish and emotional strain, doctor and hospital bills, embarrassment and humiliation, damage to reputation, loss of investments of time and money on improvements of the leasehold, including loss of the aircraft hangar, loss of use and amenities available to members, loss of dues, and other losses and damage to be proved upon the trial.
The order of expulsion provided that the appellants would have reasonable time in which to remove their hangar and other property from the Association leasehold. The appellants filed a second count in the complaint charging a tortious interference with their contract of membership as to Berry, Wormeley and the Association.

Law

The appellants assign three errors in the action of the lower court in granting summary judgment. We will combine those assigned errors and discuss the question as to whether or not the lower court erred in granting the summary judgment.
Mississippi Rule of Civil Procedure 56 provides that summary judgment should be granted when “there is no genuine issue as to any material fact” and when “the moving party is entitled to judgment as a matter of law.” The moving party must show that there is no genuine issue of material fact and that on the basis of facts established the party is entitled to judgment as a matter of law. Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss.1988). The opposing party must show by affidavit, or otherwise, specific facts indicating that there are indeed genuine issues for trial. Fruchter v. Lynch Oil at 199.
This case involves the actions of a voluntary, private, recreational or social club in expelling one of its members. This Court has not been cited to a Mississippi case dealing with this issue. However, the Court has considered whether an employment-related association could discipline its members and has held that “[a] private association has the right to set its own goals and standards as long as they are not against the public policy of the State.” Multiple Listing Service of Jackson, Inc. v. Century 21 Cantrell Real Estate, Inc., 390 So.2d 982, 984 (Miss.1980). In that case, the Court expressed approval of the generally accepted rule that courts will not undertake to inquire into the regularity of the procedures adopted and pursued by an association in deciding its own affairs. Multiple Listing Service at 984.[1]
The facts in Everglades Protective Syndicate v. Makinney, 391 So.2d 262, 265 (Fla.Dist.Ct.App.1980), are similar to those *9 in the present case. There, an individual expelled from membership of a social club alleged that the termination of his membership “was made willfully, wantonly and in bad faith in that the actual reason for the termination of his membership was other than that alleged which is unknown.” The Florida Appellate Court found that allegation to be a mere legal conclusion which was insufficient to frame an issue for litigation. The Florida Court further said:
Even if there were factual allegations, however, it is difficult to see how a justi-ciable issue could be made. The governing body of a private, social club ‘is the final arbiter of the sufficiency of causes for expulsion.’ (Citation omitted). It would appear that almost any reason would be a sufficient cause for expulsion if the governing body so determines.
391 So.2d at 265.
In Bartley v. Augusta Country Club, 326 S.E.2d 442 (Ga.1985), the Georgia Supreme Court reached a similar conclusion:
Judicial inquiry into the suspension or expulsion of a member of an incorporated private social club is limited to a determination of whether the club has acted in good faith under the by-laws adopted by it.
326 S.E.2d at 443, quoting Smooth Ashlar Grand Lodge v. Odom, 136 Ga.App. 812, 814, 222 S.E.2d 614 (1975).
Courts have been reluctant to render decisions which involve the inner workings of private social clubs. In State ex rel. Barfield v. Florida Yacht Club, 106 So.2d 207 (Fla.Dist.Ct.App.1958), the Florida Appellate Court said:
We have, in America, no social castes, but, each group has its own pattern of conduct and activity which it approves, and which it finds enjoyable and inoffensive to its member. Actions, conduct or activity which might be inoffensive to one group might be frowned upon by another. If the courts should be called upon to determine the reasonableness of charges for expulsion, then the action and decorum of the members of all clubs would of necessity be measured by the standard of action the particular Court hearing the controversy might himself or themselves find offensive or inoffensive, as the case might be. Courts should, therefore, not be required to look into the inner workings of private social clubs or the reasonableness of the charges upon which expulsion may be based.
106 So.2d at 211.
The Evanishes allege the following basic common fact in their complaint:
That on or about August 20, 1985, a meeting was held by the Corporate Defendant, called for the purpose of determining expulsion of the Plaintiff, Nicholas S. Evanish; that the wives of members of the club, including but not limited to, the Plaintiff Myma Evanish, were considered as members with the right to vote on all matters calling for a vote; and, that on said date and time a vote of those present was taken by the president of the corporation as to whether Plaintiffs would be expelled or not, and the majority vote was for expulsion.
The lower court made findings of fact and conclusions of law upon hearing the motion for summary judgment. Before the court were the complaint, the answer, interrogatories and affidavits from the appellants. The court found:
Based upon these findings of fact and conclusions of law, the Court is of the opinion that the Defendant, Experimental Aircraft Association, Chapter 479, Inc., acted in good faith in accordance with its by-laws and removed the Plaintiffs from its membership roster while giving Plaintiffs opportunity to remove their personal property from the Club premises. It is the Court’s opinion that there has been no constitutional right violated as claimed by the Plaintiffs and that this Court cannot now consider the merits or causes of thé Plaintiffs’ removal from the membership roster.
We are of the opinion that the three assigned errors of the appellants are without merit and that the motion for summary judgment was properly granted. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
*10 HAWKINS and DAN M. LEE, P.J., . and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.

. In Multiple Listing Service, the Court upheld the lower court injunction against the enforcement of a monetary fine levied by the association against a member. It was made clear that a fixed, reasonable fine would be upheld, but that the amount of the penalty would have to be specified in advance to be judicially enforceable. Multiple Listing Service, 390 So.2d 982, 986. See also Communications Workers of America, Local 10517 v. Gann, 510 So.2d 781 (Miss.1987). These cases concern associations which were employment related, i.e., there was a direct professional or business advantage to be gained by membership.