A05A2164. HILLIARD v. SUNTRUST BANK et al.
(627 SE2d 77)

MILLER, Judge.

In 1991, Carey L. Hilliard, Jr. executed a will leaving all his property to a trust for the benefit of his daughter Brandy. In a 1997 codicil, however, Hilliard directed that his interests in the drive-in restaurant bearing his name and two other closely held companies should go to his siblings at his death. After Hilliard's death in 2002, his daughter sued for a declaration that this provision of the codicil was void on the ground that it conflicted with a series of pre-existing agreements between Hilliard and his siblings concerning the interests. The trial court granted summary judgment to the executor and the siblings, and we now affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

Viewed in the light most favorable to Brandy Hilliard, the evidence shows that her father's will and codicil were probated in Chatham County Probate Court, which appointed SunTrust Bank as the executor of Hilliard's estate. Under the will, Hilliard left his entire estate to a trust for the sole benefit of his daughter Brandy. Under the codicil, however, the father left all of his "interest" in the drive-in restaurant he owned to his two brothers and sister (the siblings) in equal shares.

At the time of Hilliard's death, his interest in the family restaurant and in two realty companies were subject to a 1991 stock purchase agreement and two limited partnership agreements drafted in 1988 and 1996. The stock purchase agreement included the following provisions:

No shareholder shall transfer, assign, hypothecate or in any way alienate any of his shares or any right or interest therein, except as provided herein. . . .

Each shareholder agrees to insert in his Will or to execute a codicil thereto directing and authorizing his executor to

fulfill and comply with the provisions hereof and to sell and transfer his shares . . . in accordance herewith. . . .

The limited partnership agreements contained the following provisions:

> **Section 16. Transfer of Limited Partnership Interests.**
> No Limited Partner shall . . . transfer, sell, assign, . . . or otherwise dispose of all or any part of its limited partnership interest in the Partnership to any person, firm, corporation, or other entity . . . other than pursuant to the provisions of . . . Section 17 hereof without the unanimous written consent of the Partners. . . .

> **Section 17. Breach of Covenant not to Transfer by any Limited Partner, Death or Bankruptcy of any Limited Partner.** . . . In the event any Limited Partner . . . dies . . . , then the General Partner . . . shall purchase (on its own account and not for and on behalf of the Partnership and/or the Limited Partners) the entire interest in the Partnership. . . .

The daughter sued SunTrust Bank and the Hilliard siblings for a declaratory action to the effect that the agreements prohibited her father from making a testamentary transfer of his business interests, and that the bequest made in the 1997 codicil was therefore ineffective. The trial court granted summary judgment to the defendants, and the daughter appealed to the Supreme Court of Georgia, which transferred the case to this Court.

The daughter's principal argument is that the trial court erred when it held that the codicil's testamentary transfer to the siblings was not barred by the agreements. We need not reach this issue, however, since the daughter has no standing to enforce the agreements in any case.

In order for a third party to have standing to enforce a contract as its beneficiary, "it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient." (Citation and punctuation omitted.) *Legacy Homes, Inc. v. Cole*, 205 Ga. App. 34, 36 (421 SE2d 127) (1992); *Bartley v. Augusta Country Club*, 172 Ga. App. 289, 290 (322 SE2d 749) (1984).

As the siblings argued below, and as they repeat on appeal, the daughter was merely a potential beneficiary of her father's interest in the restaurant and realty companies at the time the last of the agreements was reached. This potentiality was extinguished in the 1997 codicil, in which Hilliard made a testamentary transfer of his

interest to his siblings. Since the daughter's arguments all derive from the father's alleged breach of the agreements, and since she has no standing to sue under them, the trial court did not err when it granted summary judgment to the defendants. See *Bartley*, supra, 172 Ga. App. at 290 (granting summary judgment to defendants where contract under which plaintiff sued "was not intended for her benefit").

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 26, 2006 —
RECONSIDERATION DENIED FEBRUARY 9, 2006 —

*McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr.*, for appellant.
*Hunter, Maclean, Exley & Dunn, John M. Tatum, Gregory N. Crawford*, for appellees.